**UNITED STATES of America,
Appellant–Cross–Appellee,**

v.

**Jack J. MINICONE, Jr., also known
as Jake, Defendant–Appellee–
Cross–Appellant.**

**Nos. 447 and 448, Docket
92–1340 and 92–1341.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 23, 1992.

Decided May 21, 1993.

PIERCE, Circuit Judge:

The government appeals from an amended judgment of conviction, imposed on June 5, 1992, in the United States District Court for the Northern District of New York, Munson, *Judge*, which sentenced Jack J. Minicone, Jr. to 379 months' imprisonment, three years' supervised release and ordered him to pay a special assessment of $100.[1]

For the reasons set forth below, we vacate the judgment of the district court and remand for resentencing in accordance with this opinion.

## BACKGROUND

The extensive factual background of this case is set forth in our previous opinion, *United States v. Minicone*, 960 F.2d 1099, 1102–05 (2d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 1511, 117 L.Ed.2d 648 (1992) ("*Minicone I*"), familiarity with which is presumed. We deal only with those facts relevant to the disposition of this appeal.

In June 1990, Minicone was convicted of two counts of criminal racketeering, in violation of 18 U.S.C. §§ 1962(c) and (d) and 1963, following a jury trial in the United States District Court for the Northern District of New York. The racketeering acts involved, *inter alia*, the murder of one Albert Marrone. Prior to the imposition of sentence and in accordance with the United States Sentencing Guidelines ("Guidelines"), a Presentence Report ("PSR") was prepared by the Probation Office, which recommended that there be no adjustment for Minicone's role in the Marrone homicide; the PSR stated that although "an argument could be made that Minicone [and two of his four co-defendants] are all deserving of an upward adjustment for their role in the offense, we are not inclined to enhance the guideline score of Minicone." The PSR calculated Minicone's Combined Offense Level to be 43, and his Criminal History to be Category II. The PSR reported that "the Guideline Imprisonment Range is Life."

Kevin E. McCormack, Asst. U.S. Atty., Syracuse, NY (Gary L. Sharpe, U.S. Atty. for N.D.N.Y., Syracuse, NY, of counsel), for appellant-cross-appellee.

John A. Cirando, Syracuse, NY (Emil M. Rossi, D.J. & J.A. Cirando, Syracuse, NY, of counsel), for defendant-appellee-cross-appellant.

Before PIERCE, MINER and McLAUGHLIN, Circuit Judges.

1. We note that although Minicone subsequently filed a notice of appeal, he does not assert any errors from the judgment.

At the original sentencing hearing held on December 28, 1990, and continued on January 2, 1991, Minicone moved for a downward departure claiming that his role in the murder of Marrone was minor or minimal. The district court denied this motion and calculated Minicone's Combined Offense Level to be 43 and his Criminal History Category to be II, resulting in a Guidelines' range of life in prison. The court then sentenced Minicone to consecutive terms of imprisonment of 151 months on Count One and 240 months on Count Two, for a total of 391 months' imprisonment, followed by three years' supervised release. The sentence represented a downward departure from the Guidelines' calculations. After imposing the sentence, the district judge stated that he was departing from the Guidelines' calculations to "avoid what the Court consider[ed] a grave sentencing disparity among co-Defendants[,] who had similar roles in the murder of Marrone." [2]

Minicone and his four co-defendants· appealed from their convictions and sentences. The government cross-appealed from the sentence of Minicone. This Court affirmed the convictions of the appellants, *Minicone I*, 960 F.2d at 1102, and rejected all of Minicone's claims of sentencing error, including that he was "a minor or minimal participant in the crimes charged." *Id.* at 1110. However, we concluded that, as argued by the government, the district court abused its discretion in granting Minicone a downward departure to avoid a disparity between his sentence and that of his co-defendants. *Id.* at 1111–12. Accordingly, the case was remanded for the limited purpose of resentencing Minicone in accordance with the Guidelines. *Id.* at 1112.

The resentencing occurred on June 5, 1992, at which time Minicone's counsel requested that the court reconsider the adjustment requests made at the time of the original sentencing. In response to the court's inquiry as to whether there was "anything new factually" that the defendant wished to relate to the court, Minicone's counsel responded that Minicone had maintained a good record while incarcerated. No other facts were presented to the court, although argument ensued as to whether Minicone was entitled to a downward departure pursuant to § 5K2.10 of the Guidelines, which requires consideration of the victim's—in this case, Marrone's—alleged misconduct.

The court denied Minicone's request for a downward departure based upon Marrone's alleged misconduct. However, upon reviewing the entire case, the court found that a downward departure was warranted due to Minicone's limited role in the Marrone homicide. The court premised its ruling upon the facts presented at trial, and the government's statement in its original sentencing memorandum that "Minicone was a worker who had very little status in the enterprise." Accordingly, Minicone was granted a downward departure of two points, which brought his Combined Offense Level to 42. This downward departure to Offense Level 42, in conjunction with Minicone's Criminal History Category of II, resulted in a Guidelines' imprisonment range of 360 months to life. The court then sentenced Minicone to a total of 379 months in prison, which is one year less than his original prison sentence of 391 months. The government now appeals from that decision.

## DISCUSSION

On appeal, the government maintains that the district court's decision to reconsider and reverse its earlier ruling concerning Minicone's role in the Marrone homicide violated the "law of the case" doctrine. In reply, Minicone argues that the district court's reconsideration was entirely appropriate because this Court did not, in its disposition of the earlier appeal, determine the extent of Minicone's participation in Marrone's murder.

2. Minicone's co-defendants received sentences significantly less harsh than did Minicone. Co-defendant Anthony J. Inserra received a sentence of 240 months' imprisonment, followed by three years' supervised release; co-defendant Jack Zogby received a sentence of seventy-eight months' imprisonment, followed by three years' supervised release; co-defendant Benedetto Carcone received a sentence of thirty months' imprisonment, followed by two years' supervised release; and co-defendant Russell Carcone received a sentence of eighteen months' imprisonment, followed by two years' supervised release. *Minicone I*, 960 F.2d at 1105.

■ The "law of the case" doctrine mandates, as relevant here, that where issues have been explicitly or implicitly decided on appeal, the district court is obliged, on remand, to follow the decision of the appellate court. *See United States v. Cirami,* 563 F.2d 26, 32–33 (2d Cir.1977). In other words, the trial court is "barred from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals." *United States v. Uccio,* 940 F.2d 753, 757 (2d Cir.1991). Of course, there is a corollary to this rule—if an issue was not part of the appellate decision, a trial court may consider the matter. *Cirami,* 563 F.2d at 33.

■ Herein, Minicone raised the issue of his participation in the Marrone homicide at the district court's original sentencing hearing. The district court ruled that Minicone was not a minimal or minor participant in that homicide and denied his motion for a downward departure. Thereafter, Minicone raised the issue on appeal to this Court. In disposing of this issue, we stated "that Minicone's claims, including, among others, that he was a minor or minimal participant in the crimes charged, are without merit." *Minicone I,* 960 F.2d at 1110. Despite this clear language, Minicone argues that the panel's decision related to whether he was a minor participant in *all* the crimes charged and not specifically as to whether he was a minor participant in Marrone's murder.

We disagree. The issue of whether Minicone was a minor participant in the homicide is necessarily included in the broader consideration of whether Minicone was a minor participant in all the crimes with which he was charged. There can be no doubt that, when the panel determined that Minicone's claim that he was a minor participant was without merit, its decision included consideration of his participation in the Marrone homicide.

Furthermore, we note that in his appellate brief submitted to this Court in *Minicone I,* Minicone asserted that the "District Court should have made a downward adjustment in the base level offense of '43' due to [Minicone's] role in the *Marrone offense* . . . . [Minicone's] role in the *Marrone homicide* was either 'minor' or 'minimal' as used in

U.S.S.G. § 3B1.2." (emphasis added). Thus, in his brief, Minicone limited his "role in the offense" argument in *Minicone I* to his role in Marrone's murder; he did not argue that he played a minimal role in all the crimes with which he was charged. Therefore, even though the panel characterized his claim as seeking a downward departure because "he was a minor or minimal participant in the *crimes charged,*" 960 F.2d at 1110 (emphasis added), the issue that the panel appears clearly to have focused upon was that which was discussed in his own brief— his role in the Marrone murder. Finally, we note that the "law of the case" doctrine, as it pertains to the appellate court, is " 'admittedly discretionary and does not limit [the] court's power to reconsider its own decisions prior to final judgment.' " *DiLaura v. Power Auth. of the State of N.Y.,* 982 F.2d 73, 76 (2d Cir.1992) (quoting *Virgin Atl. Airways v. National Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 67, 121 L.Ed.2d 34 (1992)). An appellate court will reconsider an earlier ruling if, for example, there has been an intervening change of controlling law, new evidence has become available, or there is a need to correct a clear error or prevent manifest injustice. *DiLaura,* 982 F.2d at 76. On the present record, we see no reason to reconsider our earlier ruling in *Minicone I,* which rejected Minicone's claim that he was a minor or minimal participant in the Marrone homicide. We have been presented with no change in fact or law, nor have we been presented with any information leading us to conclude that adherence to our earlier decision would result in clear error or manifest injustice.

## CONCLUSION

In sum, we conclude that the district court's reconsideration of Minicone's role in the Marrone homicide violated the "law of the case" doctrine. Accordingly, we vacate the sentence and remand the matter to the district court for resentencing in a manner consistent with this opinion and our opinion in *Minicone I.*