UNITED STATES of America, Appellant,

v.

Jose Alberto POLANCO,
Defendant–Appellee.

No. 1166, Docket 94–1556.

United States Court of Appeals,
Second Circuit.

Argued Dec. 2, 1994.

Decided Feb. 8, 1995.

Kenneth M. Karas, Asst. U.S. Atty. for the S.D. of N.Y., New York City (Mary Jo White, U.S. Atty. for the S.D. of N.Y., Paul G. Gardephe, Asst. U.S. Atty. for the S.D. of N.Y., of counsel) for appellant.

Martin Flumenbaum, New York City, for appellee.

Before: MAHONEY, McLAUGHLIN and HEANEY,* Circuit Judges.

HEANEY, Senior Circuit Judge:

The United States appeals, for the second time, the sentence imposed by the district court on Jose Alberto Polanco for illegally re-entering the United States after having been deported as a convicted felon. We again vacate Polanco's sentence and remand for re-sentencing.

Polanco pleaded guilty to being a deported felon who illegally re-entered the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). The applicable sentencing guidelines provision for this offense includes a 16–point enhancement if the defendant's previous conviction for which he was deported was an aggravated felony. U.S.S.G. § 2L1.2(b)(2). Under the sentencing guidelines, Polanco was subject to a range of imprisonment from 57 to 71 months.

Polanco moved the district court to depart downward from this guidelines imprisonment range based on his family circumstances and the harsh impact of his sentence. The court did not address this request, however, and instead found the guidelines were inapplicable because Polanco's prior drug conviction was not an "aggravated felony" under section 2L1.2(b)(2). In so ruling, the court took judicial notice of a practice of the New York defense bar to advise low-level drug defendants to plead guilty because they would receive light sentences. The court found that the Sentencing Commission was unaware of such a practice and the impact that

* The Honorable Gerald W. Heaney, United States Senior Circuit Judge for the Eighth Circuit, sitting by designation.

application of the 16–point enhancement would have on New York defendants. Therefore, the court concluded, this practice constituted a circumstance "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." *United States v. Polanco,* 838 F.Supp. 142, 144 (S.D.N.Y.1993) (quoting 18 U.S.C. § 3553(b)).

The district court imposed a fifteen-year sentence, which it suspended so long as Polanco did not illegally re-enter the United States after his imminent deportation to the Dominican Republic. It also imposed a five-year term of probation, which was suspended until such time, if ever, Polanco would re-enter the country legally with the permission of the Attorney General. The United States moved to correct the sentence. Fed. R.Crim.P. 35. The court denied the motion and, in addition, amended Polanco's sentence by reducing to one year the fifteen-year suspended sentence.

The United States appealed Polanco's sentence. This court held that Polanco's prior drug conviction was an "aggravated felony" under section 2L1.2(b)(2) and therefore the 16–point enhancement applied to him. *United States v. Polanco,* 29 F.3d 35, 38 (2d Cir.1994). This court also stated that the "Guidelines more than adequately account for the circumstances underlying the offense conduct here, *see* Guidelines § 2L1.2(b)." *Id.* at n. 3.

On remand the district court once again did not re-sentence Polanco according to the guidelines sentencing range of 57 to 71 months. Instead the court determined that a maximum sentence of ten months was appropriate and, because Polanco had already served sixteen months, the court sentenced him to time served. *United States v. Polanco,* 866 F.Supp. 744, 747 (S.D.N.Y.1994). The court disregarded the Second Circuit's conclusion that "the mandatory sixteen level enhancement under Guidelines § 2L1.2(b)(2) applies in this case," 29 F.3d at 38, apparently because this court's opinion did not specifically mention the district court's ruling taking judicial notice of the New York practice to give lenient sentences to drug "minnows." The district court also suggested, alternative-ly, that the gross unfairness of applying the sentencing guidelines in this case might raise constitutional issues of due process and equal protection. Finally, the court asserted that the plain language of 8 U.S.C. § 1101(a)(43) and U.S.S.G. § 2L1.2, comment, (n. 7), which define "aggravated felony," precludes treating Polanco's earlier drug conviction as an "aggravated felony" for sentencing purposes.

■ We see nothing in the district court's latest order of resentencing to justify its disregard of this court's previous ruling that the 16–point enhancement of section 2L1.2(b)(2) applies to Polanco and that he should be sentenced accordingly. Although that opinion did not specifically address the district court's taking judicial notice of the state court practice to sentence drug "minnows" lightly, the opinion clearly stated that the "Guidelines more than adequately account for the circumstances underlying the offense conduct here." 29 F.3d at 38 n. 3. Thus on the first remand of this case the district court was not justified in again basing its sentencing decision on the fact that New York state court sentencing practices for relatively minor drug crimes constituted a circumstance not adequately taken into account by the Sentencing Commission in drafting the guidelines.

■ We also find no merit in the district court's suggestion that the definition of "aggravated felony" might be unconstitutional. It cannot be said that the Sentencing Commission exceeded its delegated authority in formulating the definition of "aggravated felony" in U.S.S.G. § 2L1.2, comment. (n. 7), inasmuch as that definition is taken directly from the governing statutes. *See* 8 U.S.C. § 1101(a)(43). Nor do we find it irrational to include both violent felons and drug offenders in the definition of "aggravated felons" for the purpose of enhancing the sentence of a deported felon who has illegally re-entered the country.

■ Finally, the district court was simply incorrect in stating that under the plain language of 8 U.S.C. § 1101(a)(43) and U.S.S.G. § 2L1.2, comment. (n. 7), a drug trafficking offense is not deemed an "aggravated felony" unless the offender receives a sentence of at

least five years. Both the statute and the guidelines provision clearly state that "any illicit trafficking in any controlled substance" counts as an "aggravated felony," without regard to the sentence received. The only category of felonies that requires a minimum five-year prison sentence in order to qualify as "aggravated felonies" is the category of "crimes of violence." Other categories, including drug and firearms trafficking and money laundering, contain no such restriction.

Accordingly, we vacate Polanco's sentence and remand this case to the United States District Court for the Southern District of New York with instructions to re-assign this case to a judge other than the one who originally presided over Polanco's sentencing. We direct the district court to re-sentence Polanco in accordance with the applicable sentencing guidelines provisions.

The judgment of the district court is vacated and the case remanded for resentencing.