70 F.3d 1264
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose ZELAYA-GALDAMEZ, Defendant-Appellant.
 No. 94-5787.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 30, 1995.
Decided Dec. 6, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-94-89)
 David W. Bouchard, BOUCHARD & SMITH, Chesapeake, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Charles P. Rosenberg, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jose Zelaya-Galdamez pled guilty to unlawful reentry by a deported alien, 8 U.S.C.A. Sec. 1326(a) (West Supp.1995), and was sentenced to serve 41 months imprisonment. He appeals his sentence, contending that the district court erred in determining that his 1992 Colorado conviction for witness intimidation with a deadly weapon was an aggravated felony under guideline section 2L1.2(b)(2).[1] We affirm.
 
 
 2
 The probation officer recommended an enhancement of 16 levels under guideline section 2L1.2(b)(2) for reentry after deportation for an aggravated felony. The term "aggravated felony" includes a crime of violence as defined in 18 U.S.C. Sec. 16 (1988)[2] for which the term of imprisonment imposed, regardless of any suspension, is at least five years. USSG Sec. 2L1.2, comment. (n. 7). Zelaya-Galdamez was sentenced to seven years imprisonment for witness intimidation.
 
 
 3
 Zelaya-Galdamez objected that the enhancement was unwarranted because he had not actually committed witness intimidation. Defense counsel maintained at sentencing that Zelaya-Galdamez had entered an Alford plea on the advice of his attorney with the understanding that he would be speedily deported and his sentence suspended, and had done so only because he could not produce witnesses to prove his innocence.[3] Defense counsel argued that the district court should consider Zelaya-Galdamez's version of the facts underlying the witness intimidation conviction to find that it was not an aggravated felony. The district court found that the enhancement was proper because Zelaya-Galdamez had in fact been convicted of an aggravated felony.
 
 
 4
 On appeal, Zelaya-Galdamez contends that the district court erred in using a categorical approach in determining whether his prior conviction was an aggravated felony. He concedes that the Supreme Court and this court have held that a formal categorical approach is all that is required in determining whether a prior conviction is a violent felony under 18 U.S.C.A. Sec. 924(e) (West Supp.1995). See Taylor v. United States, 495 U.S. 575, 600 (1990) (look to statutory definition of offense rather than to particular facts); United States v. Custis, 988 F.2d 1355, 1363 (4th Cir.1993) (following Taylor ), aff'd, 62 U.S.L.W. 4346 (U.S.1994).
 
 
 5
 Other circuit courts have followed the same procedure in determining whether a prior conviction is an aggravated felony under guideline section 2L1.2(b)(2). See United States v. Polanco, 47 F.3d 516, 517-18 (2d Cir.1995) (prior drug conviction was aggravated felony even though guilty plea entered to gain lenient sentence); United States v. Lomas, 30 F.3d 1191, 1193 (9th Cir.1994) (citing Custis ), cert. denied, 63 U.S.L.W. 3627 (U.S.1995). Nevertheless, Zelaya-Galdamez contends that the district court should have examined the facts which led to his plea and conviction, and should have found the enhancement unwarranted.
 
 
 6
 We find that the district court did not err in determining that Zelaya-Galdamez had a prior conviction for an aggravated felony. Under Taylor and Custis, the court was required to consider only the type of conviction sustained without reference to the specific facts.
 
 
 7
 Here, the offense was clearly a crime of violence within the meaning of Sec. 16. The district court could have found otherwise only if it decided that the plea was invalid because a factual basis was lacking, an inquiry not authorized under the guidelines. See USSG Sec. 4A1.2, comment. (n. 6).
 
 
 8
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1993)
 
 
 [2]
 The statute defines "crime of violence" as:
 (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
 (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
 
 
 [3]
 A letter from the Colorado attorney was submitted to the district court; the attorney remembered that Zelaya-Galdamez entered an Alford or nolo contendere plea, but could find no written confirmation that he had done so. In any case, the legal effect is the same as a guilty plea. North Carolina v. Alford, 400 U.S. 25, 37 (1970)