UNITED STATES of America, Appellant,

v.

Ramon Wilberto ABREU–CABRERA, Defendant–Appellee.

No. 1463, Docket 95–1663.

United States Court of Appeals, Second Circuit.

Argued May 1, 1996.

Decided Aug. 26, 1996.

Kimberly M. Zimmer, Asst. U.S. Atty., Albany, N.Y. (Thomas J. Maroney, U.S. Atty., Albany, N.Y., on the brief), for appellant.

Frederick P. Korkosz, Albany, N.Y., for defendant-appellee.

Before: NEWMAN, Chief Judge, FEINBERG and OAKES, Circuit Judges.

JON O. NEWMAN, Chief Judge:

This Government appeal of a sentence demonstrates how important it is for sentencing judges to consider carefully the sentence they wish to impose in view of the limited opportunity to make any subsequent revision. The United States appeals from the November 1, 1995, judgment of the District Court for the Northern District of New York (Frederick J. Scullin, Jr., Judge) resentencing Ramon Wilberto Abreu–Cabrera, after our prior remand, to forty-six months in prison. The Government contends that the District Court violated the law of the case,

re-imposing the same sentence that this Court had ruled had been imposed in violation of Fed.R.Crim.P. 35(c).

We reverse and remand with directions to vacate the sentence and impose the sentence the District Court pronounced at the initial sentencing.

## Facts

On October 21, 1993, Abreu–Cabrera pled guilty to re-entry after deportation, in violation of 8 U.S.C. § 1326. At sentencing on January 21, 1994, the District Court determined that the adjusted base offense level was 21 and the criminal history category was IV. The Court imposed a sentence of 57 months, the bottom of the applicable guideline range.

Four days later, the Court issued an order stating that it "may not have been apprised of and considered all relevant factors" in the sentence, and "wishe[d] to consider correcting the sentence pursuant to Rule 35(c)." *See United States v. Abreu–Cabrera,* 64 F.3d 67, 70 (2d Cir.1995) (*"Abreu–Cabrera I "*). Noting that the correction could not be accomplished within the seven days specified in Rule 35(c), the Court purported to reserve the right to make the correction at a later time. *Id.* In March 1994, Abreu–Cabrera moved for reconsideration of the sentence. On July 15, 1994, the District Court reconvened the sentencing proceeding and "corrected" the original sentence. The Court found that criminal history category IV over-represented Abreu–Cabrera's criminal history, and departed "horizontally" to category III, pursuant to U.S.S.G. § 4A1.3. This yielded a guideline range of 46 to 57 months. The Court then departed downward on several grounds to a sentence of 24 months.

On the Government's appeal, we held that Rule 35(c) did not permit the District Court to change a sentence more than seven days after the sentence was orally imposed and that the "error" perceived by the District Court was not the sort of "arithmetical, technical, or other clear error" that may be cor-

rected under Rule 35(c). *Abreu–Cabrera I,* 64 F.3d at 72–74. In addition, we rejected the District Court's grounds for departing downward from the guideline range. *Id.* at 74–76. We did not decide, however, whether the reduction of Abreu–Cabrera's criminal history score was proper. *See id.* at 70 n.1.[1] We vacated the sentence and remanded to the District Court "to impose a sentence in accordance with the sentence it pronounced on January 21, 1994." *Id.* at 76.

On remand, the District Court did not re-impose the original sentence. Instead, on October 27, 1995, the Court determined an applicable guideline range based on the original adjusted offense level of 21 but used criminal history category III, which the Court had selected in its prior "correction" pursuant to U.S.S.G. § 4A1.3. The Court explained that several traffic offenses had caused Abreu–Cabrera's original criminal history category to overstate his prior record. The Court imposed a sentence of 46 months, the bottom of the guideline range applicable to the adjusted criminal history category.

## Discussion

The Government contends that the District Court lacked jurisdiction to alter the original sentence and that its revision violates the law of the case. Abreu–Cabrera responds that the District Court had authority to depart downward to criminal history category III because this Court, in deciding the Government's first appeal, did not expressly invalidate the District Court's "horizontal" departure. Abreu–Cabrera also argues that the Government cannot now challenge the section 4A1.3 departure because it failed to do so on the first appeal.

■ The Government is correct that the District Court lacked authority to alter the original sentence. The District Court's reconsideration of whether the original criminal history category overstated the defendant's prior record was not the correction of an

---

1. Footnote 1 of our prior decision states, "If we accept the district court's resentencing as proper under Rule 35(c), the government does not challenge the horizontal departure pursuant to § 4A1.3. The record reflects that the finding of a small threat of recidivism resulted only in this departure. We do not therefore discuss it further." *Abreu–Cabrera I,* 64 F.3d at 70 n. 1.

"arithmetical, technical, or other clear error" within the meaning of Rule 35(c), as we explicitly ruled on the prior appeal. *See Abreu–Cabrera I,* 64 F.3d at 72. It was, as we characterized it, simply "a change of heart." *Id.*

■ Abreu–Cabrera's first response lacks merit. Under the law-of-the-case doctrine, a district court may consider only "matters not expressly or implicitly part of the decision of the court of appeals." *United States v. Cirami,* 563 F.2d 26, 33 (2d Cir.1977); *see also United States v. Polanco,* 47 F.3d 516, 518 (2d Cir.1995). Though our prior opinion did not rule on whether a section 4A1.3 departure would have been proper if made during the original sentencing, our ruling rejected such a departure because the District Court lacked authority, after sentencing, to make any change beyond the limited scope authorized by Rule 35(c). The rejection of the departure for lack of authority was the law of the case. *See generally United States v. Minicone,* 994 F.2d 86, 89 (2d Cir.1993).

■ Abreu–Cabrera's argument that the Government waived its challenge to the revised criminal history category is also unavailing. Although this Court has not ruled on the issue, other courts have held that, under a corollary to the law-of-the-case doctrine, appellate courts will refuse to consider trial court rulings that could have been raised on an earlier appeal. *See, e.g., Crocker v. Piedmont Aviation, Inc.,* 49 F.3d 735, 739 (D.C.Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 180, 133 L.Ed.2d 118 (1995).

This doctrine, however, is not applicable to this case. Though the Government did not specifically challenge the merits of the section 4A1.3 departure on the prior appeal, it did contend, successfully, that the District Court lacked authority to make any revision of the original sentence, beyond the limited scope of Rule 35(c). On the pending appeal, the Government need not argue the merits of the section 4A1.3 departure in order to prevail on its contention that the departure remains beyond the District Court's authority.

Though the Government is entitled to prevail on this appeal, we note that it is not required to bring to this Court every aspect of every criminal sentence that falls short of applicable requirements. Perhaps the Government believed that an appeal was appropriate in view of our prior remand. Nevertheless, once the District Court abandoned the 24–month sentence to which the original 57–month sentence was improperly "corrected," the subsequent adjustment of only 11 months to a sentence of 46 months might well have warranted the favorable exercise of the broad discretion the Government has concerning not only the initiation but also the pursuit of its legal remedies.

The judgment of the District Court is reversed, and the case is remanded with instructions to vacate the sentence imposed on October 27, 1995, and re-impose the sentence as originally pronounced on January 21, 1994.