GABRIEL W. GORENSTEIN, United States Magistrate Judge
On August 10, 2016, the district court issued an opinion granting in part and denying in part a motion for summary judgment by defendants. The plaintiffs now move for reconsideration of that opinion to the extent it dismissed their purported claim under Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).[1] For the reasons stated below, the plaintiffs' motion for reconsideration should be denied.
I. BACKGROUND
As expressed by District Judge Thomas P. Griesa in his August 10, 2016, opinion, this action arose
out of an Occupy Wall Street protest during President Barack Obama's November 2011 visit to New York City. Plaintiffs were protestors who were allegedly deprived of their federal and state constitutional rights when New York Police Department ("NYPD") officers detained them in a barricaded area for over an hour.
Berg v. New York City Police Comm'r Raymond Kelly, 2016 WL 4257525, at *1 (S.D.N.Y. Aug. 10, 2016).
Following the filing of plaintiffs' original complaint, see Class Action Complaint, filed Apr. 30, 2012 (Docket # 1), there was a lengthy discovery period, which included four orders granting extensions of the discovery deadlines. See Docket ## 74, 76, 78, minute entry dated Sept. 28, 2015.
*422 Plaintiffs filed an Amended Complaint following the close of discovery. See Class Action Amended Complaint, filed Dec. 18, 2015 (Docket # 86) ("Am. Compl."). As was true of the original complaint, the Amended Complaint named a number of NYPD employees as defendants, including Raymond Kelly, then Commissioner of the NYPD, and Joseph Esposito, then Chief of Department of the NYPD. Am. Compl. ¶¶ 15-16. Defendants then moved for summary judgment as to all of plaintiffs' claims. See Docket ## 99-102.
Neither the original Complaint nor the Amended Complaint named the City of New York as a defendant. When defendants moved for summary judgment, they did not raise the issue of whether the case could proceed on a claim under the doctrine of Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which provides for the liability of municipalities for claims made under 42 U.S.C. § 1983. See Memorandum of Law in Support of Defendants' Motion for Summary Judgment, filed Jan. 21, 2016 (Docket # 101). In their opposition to the defendants' motion, and in connection with defendants' efforts to dismiss Kelly and Esposito for lack of personal involvement in the claimed constitutional violations, plaintiffs argued that Kelly and Esposito were liable under Monell because the Amended Complaint stated they were sued in their "official" capacities and because evidence in the case showed a "policy or practice of freezing the whole area while the President was in a building." Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, filed Mar. 11, 2016 (Docket # 108), at 17. In their reply memorandum, defendants argued that this was an "unpled municipal liability theory." Reply Memorandum of Law in Support of Defendants' Motion for Summary Judgment, filed Mar. 24, 2016 (Docket # 114), at 8. They argued that because plaintiffs "chose to omit such a theory from their complaint they should not be permitted to offer a surprise Monell theory at this time." Id.
In ruling on the summary judgment motion, Judge Griesa noted that plaintiffs' "amended complaint barely mentions either defendant" - referring to Kelly and Esposito. Berg, 2016 WL 4257525, at *3. Judge Griesa then noted that "[i]n their opposition brief, plaintiffs belatedly raise [a theory] of supervisory liability under Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)." Id. He ruled, however, that plaintiffs had "failed to plead [this] theory even after amending their complaint." Id.
As to the remaining claims, Judge Griesa granted the defendants' motion as to plaintiffs' state constitutional claims but denied the motion as to the federal constitutional claims, except that he dismissed the claims as to Kelly and Esposito for lack of personal involvement. Id. at *7. Finally, Judge Griesa held that the defendant officers "failed to show that they are entitled to qualified immunity." Id.
The defendants filed a notice of appeal challenging the denial of qualified immunity. The parties then jointly asked Judge Griesa to extend the time to file any motion for reconsideration of his summary judgment ruling until after the disposition of the appeal. See Joint Letter Motion, filed Sept. 12, 2016 (Docket # 121). Judge Griesa approved this request. See Order, filed Sept. 21, 2016 (Docket # 122).
The Second Circuit's decision discussed plaintiffs' constitutional claims at length and concluded that the defendants were entitled to qualified immunity on these claims. See Berg v. Kelly, 897 F.3d 99, 103 (2d Cir. 2018). The opinion concluded as follows: "The decision of the district court denying the Officers qualified immunity is *423 reversed. The case is remanded with instructions to dismiss the complaint with prejudice." Id. at 114.
Under the "mandate rule," which "is a branch of the law-of-the-case doctrine[,] ... where issues have been explicitly or implicitly decided on appeal, the district court is obliged, on remand, to follow the decision of the appellate court." Burrell v. United States, 467 F.3d 160, 165 (2d Cir. 2006) (internal quotation marks and citations omitted); accord United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) ; United States v. Minicone, 994 F.2d 86, 89 (2d Cir. 1993). "In other words, the trial court is barred from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals." Burrell, 467 F.3d at 165 (citing Minicone, 994 F.2d at 89 (internal citation and quotation marks omitted)). While the Second Circuit's decision instructed this Court to "dismiss the complaint with prejudice," the decision also included the following in a footnote:
[t]he district court dismissed the protesters' claims against Raymond Kelly, Commissioner of the N.Y.P.D., and Joseph Esposito, Chief of Department of the N.Y.P.D. Because the protesters' complaint barely mentioned these defendants, and neither was present at the protest, the district court concluded the protesters' claims against these officers failed as a matter of law. It also dismissed the protesters' state law claims as duplicative of its federal claims. Neither of these rulings are at issue on this appeal.
Id. at 104 n.5 (emphasis added). In light of this more specific statement, we construe the Second Circuit's instruction to dismiss as limited to the claims in the complaint raising any federal constitutional claims.
The Second Circuit's mandate issued on August 15, 2018. See Docket # 137. On September 10, 2018, plaintiffs filed their motion seeking reconsideration of the district court's dismissal of the claims as to defendants Kelly and Esposito. See Docket # 138; Pl. Mem. at 1.
II. LAW GOVERNING MOTIONS FOR RECONSIDERATION
Motions for reconsideration are governed by Local Civil Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." Thus, a motion to reconsider is generally denied "unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The decision to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." Wilder v. News Corp., 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016) (internal quotation marks and citation omitted); accord Shrader, 70 F.3d at 257. "The standard for granting a motion for reconsideration is strict," RCC Ventures, LLC v. Brandtone Holdings Ltd., 322 F.R.D. 442, 445 (S.D.N.Y. 2017) (citation omitted), and therefore such a motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple," Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted); accord Ortega v. Mutt, 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) ("Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly.") (internal quotation marks and citation omitted). The Second Circuit has *424 held that "[a] motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted).
Further, a party is "barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so." City of Austin Police Ret. Sys. v. Kinross Gold Corp., 957 F.Supp.2d 277, 315 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). In other words, " 'a party may not advance new facts, issues or arguments not previously presented to the Court' on a motion for reconsideration." Steinberg v. Elkman, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (quoting Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001) ); accord Sigmon v. Goldman Sachs Mortg. Co., 229 F.Supp.3d 254, 257 (S.D.N.Y. 2017).
Additionally, the "reconsideration rule" must be "narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues." Merced Irrigation Dist. v. Barclays Bank PLC, 178 F.Supp.3d 181, 183 (S.D.N.Y. 2016) (internal citation and quotation marks omitted). A narrow application of the rule not only "helps 'to ensure the finality of decisions,' " but also " 'prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.' " Henderson v. Metro. Bank & Tr. Co., 502 F.Supp.2d 372, 376 (S.D.N.Y. 2007) (quoting Naiman v. N.Y. Univ. Hosps. Ctr., 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005) ); see also Hernandez v. Loans, 2016 WL 6561415, at *1 (S.D.N.Y. Oct. 24, 2016) (a reconsideration motion "should be denied where the moving party merely seeks to relitigate an issue that was previously decided") (citing Shrader, 70 F.3d at 257 ).
III. DISCUSSION
Plaintiffs do not argue that there has been an "intervening change of controlling law" or that there is now "the availability of new evidence" as provided in Kolel Beth Yechiel Mechil of Tartikov, 729 F.3d at 104. Instead, they argue that the dismissal "must be reconsidered in the interest of correcting error and preventing manifest injustice." Pl. Mem. at 2; see Kolel Beth Yechiel Mechil of Tartikov, 729 F.3d at 104. Plaintiffs' argument, however, fails to show that Judge Griesa erred, let alone clearly erred, when he determined that the plaintiffs had "failed to plead [a Monell ] theory even after amending their complaint." Berg, 2016 WL 4257525, at *3.
Plaintiffs' first argument is to point to case law recognizing that "a suit against an official in his or her official capacity is not a suit against the official personally but is a suit against the entity that the official represents." Pl. Mem. at 3 (citing Kentucky v. Graham, 473 U.S. 159, 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ). That proposition, however, is not contested by defendants and is entirely consistent with Judge Griesa's ruling. What plaintiffs fail to do is show that their complaint in fact pleaded a claim for Monell liability and thus that Judge Griesa committed "clear error" in holding otherwise.
Under Monell, municipalities may be treated as "persons" for the purpose of § 1983 claims "where ... the action that is alleged to be unconstitutional implements or executes a policy statement, *425 ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers." 436 U.S. at 690, 98 S.Ct. 2018 ; accord Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 124-25 (2d Cir. 2004). Thus, to prevail on a Monell claim, a plaintiff must show "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008).[2]
A municipality cannot be held liable on the basis of respondeat superior. Monell, 436 U.S. at 693-94, 98 S.Ct. 2018 ; accord Roe, 542 F.3d at 36 ; Plair v. City of New York, 789 F.Supp.2d 459, 468 (S.D.N.Y. 2011). Rather, the plaintiff must "demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Thus, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Okla. City v. Tuttle, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) ; accord Plair, 789 F.Supp.2d at 470 ("[I]t is well established that a single incident does not give rise to an unlawful practice by subordinate officials so permanent and well-settled as to constitute custom or usage.") (internal quotation marks and citation omitted) (citing cases).
Here, there is nothing in the Amended Complaint suggesting that plaintiffs were making a claim under Monell. Plaintiffs never contended the City of New York had an "official policy" that "caused the constitutional injury." Roe, 542 F.3d at 36. Instead, the complaint recites in detail a single incident of alleged unconstitutional conduct occurring on November 30, 2011, on West 53rd Street in Manhattan, when the plaintiffs were detained and kept inside a "pen" set up for the press for approximately two hours. See Am. Compl. ¶¶ 28-42, 51, 60. The Amended Complaint does not describe an official policy that resulted in the decision to keep plaintiffs in this pen. To the contrary, it alleges that the defendants' conduct "violated" the NYPD's official policy of allowing attendees at demonstrations to "leave and return." Am. Compl. ¶ 3 (quoting Stipulation of Settlement and Order, Stauber v. City of New York, 03 Civ. 9162, filed March 31, 2008 (Docket # 14) (Sweet, J.) ("Stauber Settlement and Order") ); accord id. ¶¶ 86, 91, 96, 101. This is precisely the sort of "single incident" of unconstitutional conduct that cannot support a Monell claim. Indeed, the only allegations in the Amended Complaint that plaintiffs assert support their argument that it raises a Monell claim, see Pl. Reply at 1, are allegations of how the City policy that was allegedly *426 violated by the defendant officers came into effect, see Am. Compl. ¶¶ 23-27 (citing and quoting Stauber Settlement and Order) - not allegations that there was a policy that was a "moving force" in causing plaintiffs to be kept in the pen.
In light of the complete absence of any allegation that the City of New York - or defendants Kelly and Esposito in their official capacities - had a policy that caused plaintiffs to be confined on November 30, 2011, plaintiffs did not plead a Monell claim. Far from committing "clear error," Judge Griesa properly characterized the Amended Complaint as not including such a claim.
Plaintiffs argue that "the pleadings are not the relevant inquiry in a summary judgment motion" and cite cases to support this proposition. See Pl. Reply at 2. But this statement sweeps far too broadly. While, in the typical case, a court does not examine whether pleadings are sufficient when considering a summary judgment motion because of the possibility that an amendment to the pleadings would cure any defect, the situation is completely different where, as here, neither the original complaint - which suffers from the same defects as the Amended Complaint - nor any other events during the course of discovery gave notice that the claim sought to be added was being made.[3] Other than pointing to the fact that their complaints stated that Kelly and Esposito were being sued in their "official" capacities, plaintiffs provide no argument that defendants were on notice that plaintiffs were making a Monell claim.
Plaintiffs assert that "[t]he issue before the Court is the sufficiency of the proof." Pl. Reply. at 2. In fact, that is not the issue. Rather, the issue is whether Judge Griesa's conclusion that plaintiffs had never "pled" the Monell claim should be reconsidered. See Berg, 2016 WL 4257525, at *3. Even if we look to the "proof" plaintiffs point to, it plainly failed to give notice to defendants that plaintiffs were pursuing a Monell claim. Plaintiffs point to the deposition of an Inspector Hart, a non-party police official, who briefly testified that the NYPD's actions on the day of the incident were proper. See Pl. Mem. at 6-7. But given that the Amended Complaint explicitly alleged that the police officers' actions that day "violated" a governing policy that would have allowed plaintiffs to leave the pen, see Am. Compl. ¶ 3, Inspector Hart's testimony could not possibly have given defendants notice that plaintiffs sought to hold the City liable for instituting a policy that led to the alleged constitutional violations. Moreover, defendants have stated without contradiction that plaintiffs took no discovery addressing Monell liability. See Def. Mem. at 5. Under these circumstances, Judge Griesa properly rejected plaintiffs' belated effort to assert a Monell claim.[4]
*427 Judge Griesa having committed no "clear error," and plaintiffs having provided no reason why requiring adherence to standard rules of pleading would work a "manifest injustice," the summary judgment decision should not be reconsidered.
IV. CONCLUSION
For the foregoing reasons, plaintiffs' motion for reconsideration (Docket # 138) should be denied.
PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION
Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court, with copies sent to the Hon. Lewis A. Kaplan at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections or responses must be directed to Judge Kaplan. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1) ; Fed. R. Civ. P. 72 ; Fed. R. Civ. P. 6(a), 6(b), 6(d) ; Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) ; Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

See Notice of Motion, filed Sept. 10, 2018 (Docket # 138); Memorandum of Law in Support of Plaintiff's Motion for Reconsideration, filed Sept. 10, 2018 (Docket # 139) ("Pl. Mem."); Declaration of David B. Rankin, filed Sept. 10, 2018 (Docket # 140); Memorandum of Law in Opposition to Plaintiffs' Motion for Reconsideration, filed Oct. 12, 2018 (Docket # 141) ("Def. Mem."); Reply in Support of Motion to Reargue, filed Oct. 22, 2018 (Docket # 142) ("Pl. Reply").

To establish the existence of a policy, the plaintiff must allege one of the following:
(1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a "custom or usage" and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it "amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact."
Jones v. Westchester Cnty. Dep't of Corr. Med. Dep't, 557 F.Supp.2d 408, 417 (S.D.N.Y. 2008) (quoting and citing Moray v. City of Yonkers, 924 F.Supp. 8, 12 (S.D.N.Y. 1996) ).

Thus in Caputo v. Pfizer, Inc., 267 F.3d 181 (2d Cir. 2001), one of the cases cited by plaintiffs, the Second Circuit found that a motion under Fed. R. Civ. P. 9(b) need not be considered at the summary judgment stage where, by the time of the summary judgment motion the defendant "had all of the particulars," ibr.US_Case_Law.Schema.Case_Body:v1">id. at 191 n.4, which presumably had been obtained through discovery. The Court also noted that the "policies behind Rule 9(b)" - obviously referring to the notice that pleading fraud with particularity gives defendants - were not served by defendants' efforts to raise the Rule 9(b) pleading requirements at the summary judgment stage. See ibr.US_Case_Law.Schema.Case_Body:v1">id. Here, by contrast, there were no indication that plaintiffs were pursuing a Monell claim.

While plaintiffs do not seek to amend their complaint to include a Monell claim, any such motion if made now would have to be denied because of plaintiffs' undue delay in making the motion and the prejudice that would result from allowing the amendment in light of the late stage of this case and the length of time that has passed since the original incident. See generally Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).