UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4902

ARTURO REYES-VALENCIA, a/k/a
Carlos Palomares, a/k/a Arturo
Gutierrez, a/k/a Alan Juarez,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-98-164)

Submitted: August 10, 1999

Decided: September 23, 1999

Before MURNAGHAN, NIEMEYER, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Arnold L.
Husser, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Arturo Reyes-Valencia appeals his guidelines sentence imposed for his conviction for unlawful reentry after deportation. We affirm.

Reyes-Valencia, a citizen of Mexico, was convicted in 1985 in California state court of felony possession of marijuana for sale, in violation of Cal. Health & Safety Code § 11359 (West 1991). He was deported on the basis of this conviction in 1989 and again in 1995. In June 1998, he was arrested in North Carolina and pleaded guilty to being an alien who had previously been deported after a conviction for an aggravated felony and who had reentered the United States without prior permission in violation of 8 U.S.C.A.§§ 1326(a), (b) (West 1999).[1]

In her presentence report, the probation officer started from a base level of eight under U.S. Sentencing Guidelines Manual § 2L1.2(a) (1998), "Unlawfully Entering or Remaining in the United States." To this she added sixteen offense levels because Reyes-Valencia was previously deported for the 1985 California conviction, "an aggravated felony," which is a specific offense characteristic under USSG § 2L1.2(b)(1)(A). A three-level reduction in offense level was recommended for the defendant's acceptance of responsibility. See USSG § 3E1.1(a), (b). A total of twenty-one criminal history points placed Reyes-Valencia in Category VI, and the resulting guidelines sentencing range was seventy-seven to ninety-six months.

_____

[1] In an opinion issued a few months prior to Reyes-Valencia's arrest, the Supreme Court held that § 1326(b)(2), which authorizes a maximum penalty of twenty years if a defendant convicted of illegal reentry under subsection (a) had a previous conviction for an "aggravated felony," is a penalty provision and, therefore, it is not necessary to charge the fact of the earlier conviction in the indictment. See Almendarez-Torres v. United States, 523 U.S. 224 (1998).

Reyes-Valencia objected to the application of § 2L1.2(b)(1)(A) on the ground that the characterization of the California conviction, which involved only 31.9 grams of marijuana,[2] as an "aggravated felony" was "an impermissibly expansive interpretation" of the term because it treated him no differently from one who was convicted of more serious drug offenses. (J.A. 17). The court accepted the findings and guidelines calculations contained in the presentence report. However, in addition to the approach set forth in the presentence report, the district court announced an alternative route to the same sentencing range. Agreeing that the sixteen-level increase triggered by the California conviction overstated the seriousness of that offense, the court departed downward one offense level; however, this downward departure was offset by a one-level increase on the ground that Criminal History Category VI understated the seriousness of the defendant's criminal record. The court then sentenced Reyes-Valencia to ninety-four months' imprisonment. On appeal, Reyes-Valencia offers a refined version of the argument he advanced at the sentencing hearing.[3]

Reyes-Valencia concedes that his California drug conviction falls within the applicable definition of "aggravated felony" found in 8 U.S.C. § 1101(a)(43)(B). See, e.g., United States v. Polanco, 29 F.3d 35, 38 (2d Cir. 1994). Using the analysis outlined in Solem v. Helm, 463 U.S. 277 (1983), Appellant argues that the Guidelines' imposition of an increase of sixteen offense levels regardless of the relative seriousness of the predicate "aggravated" felony constitutes an unconstitutionally disproportionate penalty. We disagree.

_____

[2] In his opening brief, appellant often uses the figure "three and one-half grams." See Appellant's br. at 4, 12, 14 and 15. The correct figure is 31.9 grams. (J.A. 55).

[3] An application note in effect since November 1, 1997, suggests that a departure from the sixteen-level enhancement under§ 2L1.1(b)(1)(A) "may be warranted based on the seriousness of the aggravated felony." USSG § 2L1.1, comment. (n.5). The possibility of such a departure was noted in the presentence report. (J.A. 69). Appellant, however, is precluded from appealing the extent of the departure. See United States v. Hill, 70 F.3d 321, 324 ("Under [18 U.S.C.] 3742(a), we . . . lack jurisdiction to review the extent of the district court's departure, except in instances in which the departure decision resulted in a sentence imposed in violation of law or resulted from an incorrect application of the Guidelines.") (emphasis in original).

3

Appellant's reliance on Solem, a case that involved a sentence of life without possibility of parole, is misplaced. It is doubtful that a proportionality review is ever appropriate in cases not involving either a death sentence or a sentence of life without possibility of parole. See, e.g., Bevarati v. Smith, 120 F.3d 500, 504-05 (4th Cir. 1997) ("[W]e conclude that [the inmates'] argument must fail on the basis of our repeated holdings that outside the context of a capital sentence a proportionality review is necessary only with respect to sentences of life imprisonment without the possibility of parole"). However, even if a Solem proportionality review were still available in some cases not involving at least a life sentence, the review of such a case involves at most whether the sentence is"grossly disproportionate" to the offense. See United States v. Kratsas, 45 F.3d 63, 69 (4th Cir. 1995) (Niemeyer, J., concurring in the judgment). That portion of the sentence attributable to the enhancement for the predicate offense--a drug trafficking felony--simply "does not give rise to an inference of gross disproportionality" necessitating a comparative analysis of Reyes-Valencia's sentence with other sentences for similar conduct. See Harmeline v. Michigan, 501 U.S. 957, 1005 (1991) (Kennedy, J., concurring).

Accordingly, we affirm Reyes-Valencia's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4