UNITED STATES of America, Appellant,

v.

Jose Alberto POLANCO, Defendant–Appellee.

No. 1457, Docket 93–1830.

United States Court of Appeals, Second Circuit.

Argued May 19, 1994.

Decided July 12, 1994.

Kenneth M. Karas, Asst. U.S. Atty., S.D. of New York, New York City (Mary Jo White, U.S. Atty. for the S.D. of New York, Maria A. Barton, Nelson W. Cunningham, Asst. U.S. Attys., S.D. of New York, of counsel), for appellant.

Heriberto A. Cabrera, New York City, for appellee.

Before LUMBARD, MESKILL and MINER, Circuit Judges.

MESKILL, Circuit Judge:

The United States (government) appeals from the judgment of the United States District Court for the Southern District of New York, Knapp, *J.*, finding that the mandatory sixteen level sentence enhancement pursuant to United States Sentencing Guidelines (Guidelines) § 2L1.2(b)(2) was inapplicable to defendant-appellee and, instead, imposing a suspended sentence with probation following defendant-appellee's plea and conviction for reentering the United States, after being deported as a convicted felon, without permission of the Attorney General in violation of 8 U.S.C. § 1326(b)(2).

For the reasons stated below, we vacate the sentence and remand for resentencing.

## BACKGROUND

On July 19, 1993, defendant-appellee Jose Alberto Polanco (Polanco) entered a guilty plea to an indictment charging him with knowingly entering and being found in the United States without permission of the Attorney General, following his deportation as an aggravated felon, in violation of 8 U.S.C. § 1326(b)(2). Polanco, an alien from the Dominican Republic, was convicted on July 27, 1989 of a narcotics offense in New York state court for selling five grams of cocaine to an undercover police officer. Polanco was sentenced by the state court to six months imprisonment and five years probation.

On December 12, 1989, following his release from prison on the narcotics charge, Polanco was deported on the basis of his drug conviction. In early 1990, Polanco illegally reentered the country. On July 1, 1992, he was arrested for violating his probation in connection with the narcotics offense. Polanco then pleaded guilty in state court to violating the terms of his probation. The state court revoked Polanco's probation and sentenced him to one year in prison for the probation violation.[1]

While Polanco was serving this sentence, the Immigration and Naturalization Service discovered that Polanco was in the country illegally in violation of 8 U.S.C. § 1326(b)(2). An indictment and guilty plea followed shortly thereafter.

The Presentence Report (PSR) calculated that Polanco's sentence range under the Guidelines was 57–71 months. This calculation was based on (1) an adjusted offense level of twenty-one that included a base offense level of eight, a sixteen level mandatory enhancement pursuant to Guidelines § 2L1.2(b)(2), and a three level reduction for acceptance of responsibility pursuant to Guidelines § 3E1.1 and (2) a criminal history category of IV.

Polanco was sentenced on November 12, 1993. At sentencing, although he stated that he had no objections to the PSR, Polanco sought a downward departure based on family circumstances and the cruel and unusual impact of the sentence. The district court, however, did not address Polanco's downward departure request, but instead, *sua sponte*, held that the Guidelines were inapplicable in this case because it found that Polanco's prior narcotics conviction did not constitute an "aggravated felony" as that term applies in Guidelines § 2L1.2(b)(2). In lieu of the sentence mandated under the Guidelines, the district court imposed a fifteen year prison sentence, the execution of which was suspended on the condition that Polanco not reenter the country *illegally*. The district court also sentenced Polanco to a five year term of probation, the execution of which was indefinitely suspended until, if ever, Polanco

---

1. In addition to the one year sentence for the probation violation, Polanco also received a six month concurrent sentence for witness tampering stemming from charges and events that occurred prior to his 1989 deportation.

obtained the permission of the Attorney General to reenter the country *legally.*

On November 18, 1993, the government filed a motion to correct the sentence pursuant to Fed.R.Crim.P. 35. In response, the district court issued a memorandum and order on November 24, 1993, denying, for the most part, the government's motion. The district court, however, amended the sentence by reducing the suspended fifteen year prison term to one year in the event that Polanco reentered illegally.

This appeal followed.

## DISCUSSION

The government contends that the district court's imposition of a suspended sentence and its refusal to apply the mandatory sixteen level enhancement runs afoul of the applicable sentencing law in this case. The government insists, therefore, that the district court imposed an illegal sentence. We agree.

### A. *Suspended Sentence*

■ It is settled law that, under the current sentencing regime, "suspended sentences are no longer permitted." *United States v. Mastropierro,* 931 F.2d 905, 906 (D.C.Cir.1991). Although suspended sentences were expressly authorized in the pre-Guidelines era, *see* 18 U.S.C. § 3651 (repealed 1984), neither current statutory law nor the Guidelines include suspended sentences as an expressly authorized sentencing option. Indeed, upon the enactment of the Guidelines, "[t]he statutory authority to 'suspend' the imposition or execution of sentence in order to impose a term of probation was abolished." Guidelines Ch.7, Pt.A, intro. comment. § 2(a) (1993).

■ Here, the district court exceeded its authority by indefinitely suspending the execution of Polanco's prison sentence subject to the condition that he not reenter the country illegally. We, therefore, vacate that portion of the sentence.[2]

### B. *Aggravated Felony Enhancement*

In fashioning the sentence discussed above, the district court found that the mandatory sixteen level enhancement for aggravated felons who illegally reenter the country after deportation was inapplicable to Polanco. The district court apparently understood that if Polanco's prior felony conviction for narcotics constituted an aggravated felony within the meaning of Guidelines § 2L1.2(b)(2), the law *required* a mandatory sixteen level enhancement of the offense level. The district court, moreover, apparently reasoned that if the sixteen level enhancement applied to Polanco, his adjusted offense level under the Guidelines prohibited the imposition of probation in lieu of a prison term. *See* Guidelines §§ 5B1.1(a), 5C1.1(b), (c). The district court mistakenly believed, however, that Polanco's underlying narcotics conviction did not rise to the level of such an aggravated felony, at least as that term applies to Guidelines § 2L1.2(b)(2). Accordingly, the district court concluded erroneously that the sixteen level enhancement was inapplicable to Polanco's conviction and, as such, his offense level was low enough to warrant a sentence of probation in lieu of a prison term. We write briefly to correct the error so that there is no recurrence or misunderstanding at resentencing.

Section 1326 makes it a criminal offense for any alien "whose deportation was subsequent to a conviction for commission of an

---

2. Likewise, the government contends that the district court's imposition of a suspended probationary term violates Guidelines § 5B1.2(a)(1). Under that provision, a period of probation cannot exceed five years. Although the district court placed Polanco on probation for a purported term of five years, it suspended the execution of the probationary term "for any period defendant is outside the United States," and "continue[d] [the probation term] for the rest of his life unless defendant obtains legal authority for reentering the United States, in which event, it will continue for FIVE (5) YEARS and whatever time from today it takes to deport him." Thus, the government argues that, because it is impossible to determine when, if ever, Polanco will receive legal permission to reenter the country, the probationary portion of the sentence is an indefinite probationary sentence, and, in all likelihood, amounts to a life sentence of probation that exceeds the five year maximum. Because, as we discuss below, probation is not an available sentencing option under Polanco's Guidelines range, *see* Guidelines §§ 5B1.1(a), 5C1.1(b),(c), we need not consider whether the indefinite suspension of the probationary term in this case violates Guidelines § 5B1.2(a)(1).

aggravated felony" to be found in the United States without having first been legally admitted by the Attorney General. The offense is punishable by up to fifteen years imprisonment. *Id.* The Guidelines provision applicable to this offense is section 2L1.2. That section provides for a base offense level of eight with a mandatory sixteen level enhancement for any "defendant previously ... deported after a conviction for an *aggravated felony.*" Guidelines § 2L1.2(b)(2) (emphasis added). "Aggravated felony" as used in subsection (b)(2) means, *inter alia,* "*any* illicit trafficking in any controlled substance (as defined in 21 U.S.C. § 802), including *any* drug trafficking crime as defined in 18 U.S.C. § 924(c)(2)." Guidelines § 2L1.2, comment. (n. 7) (emphasis added). Furthermore, "[t]he term 'aggravated felony' applies to offenses ... whether in violation of federal *or* state law." *Id.* (citing 8 U.S.C. § 1101(a)(43)) (emphasis added); *see also United States v. Forbes,* 16 F.3d 1294, 1301 (1st Cir.1994).

A "drug trafficking crime," as defined in 18 U.S.C. § 924(c)(2), includes, *inter alia,* any felony punishable under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* A drug offense that is punishable under the Controlled Substances Act and is a felony is a "drug trafficking crime" under section 924(c)(2) and, by extension, an "aggravated felony" under section 2L1.2(b)(2). *See Forbes,* 16 F.3d at 1301.

█ Here, Polanco was convicted in state court for selling five grams of cocaine to an undercover police officer in violation of N.Y.Penal Law § 220.34. Section 220.34 makes it a Class C felony to engage in the criminal sale of a controlled substance. Clearly, then, Polanco's drug conviction is a felony. *See Forbes,* 16 F.3d at 1301 & n. 10 (felony under Controlled Substances Act means " '*any* Federal or State offense classified by applicable federal or state law as a felony' " (emphasis added)). The sale of five grams of cocaine, moreover, is punishable under the Controlled Substances Act, 21 U.S.C. § 841(a)(1). Because Polanco's felony conviction was for an offense punishable under the Controlled Substances Act, one of the statutes enumerated under section 924(c)(2), the offense rises to the level of "aggravated felony" under section 2L1.2(b)(2) and 8 U.S.C. § 1326(b)(2) regardless of the quantity or nature of the contraband or the severity of the sentence imposed. *See Forbes,* 16 F.3d at 1301 (defendant's prior conviction for possession of marijuana under New York law converts subsequent conviction for possession of a controlled substance under New York law to a felony, thereby triggering "aggravated felony" enhancement for a violation of section 1326(b)(2)); *United States v. Zapata,* 1 F.3d 46, 47 (1st Cir.1993) (assuming without discussion that a state drug conviction for which defendant served a total of only 142 days was an aggravated felony within the meaning of section 1326(b)(2)). Accordingly, we conclude that the mandatory sixteen level enhancement under Guidelines § 2L1.2(b)(2) applies in this case and vacate the portion of the sentence imposing a term of probation.[3]

## CONCLUSION

For the reasons stated, we vacate Polanco's sentence and remand for resentencing.

---

**3.** We doubt seriously whether the district court could have justified a sentence of probation in lieu of a prison term or some type of condition of confinement even if the sixteen level enhancement did not apply in this case. Under the Guidelines, a defendant is eligible for a sentence of probation without confinement only if the adjusted offense level falls within Zone A of the sentencing tables. *See* Guidelines §§ 5B1.1(a) & comment., 5C1.1(b),(c)(3). Here, Polanco's criminal history category IV meant that his adjusted offense level would have to be at least five levels lower than the base offense level under section 1326 *prior* to any enhancement, *see* Guidelines § 2L1.2, to qualify. *See* Guidelines Ch.5, Pt.A (Zone A for criminal history category IV requires adjusted offense level of three or less).

It is not beyond the realm of possibility, however, that the district court believed that the Guidelines did not adequately account for the offense conduct underlying Polanco's conviction, *see generally* 18 U.S.C. § 3553(b), and, thus, it had unfettered discretion to fashion a sentence more to its liking regardless of any restrictions under the Guidelines. In that unlikely event, we conclude that the Guidelines more than adequately account for the circumstances underlying the offense conduct here, *see* Guidelines § 2L1.2(b), and instruct the district court that the Guidelines generally apply to convictions pursuant to 8 U.S.C. § 1326.