**UNITED STATES of America,
Appellee,**

v.

**Pedro PORNES–GARCIA,
Defendant–Appellant.**

**Docket No. 98–1335.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 26, 1999.

Decided March 26, 1999.

---

Abraham L. Clott, Legal Aid Society, New York, New York, for defendant-appellant.

Mark F. Mendelsohn, Asst. U.S. Atty., New York, N.Y. (Mary Jo White, U.S. Atty., Craig A. Stewart, Asst. U.S. Atty., New York, N.Y., on the brief), for appellee.

Before: NEWMAN, WALKER, and CALABRESI, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

The narrow issue on this appeal is whether this Court's construction of the phrase "aggravated felony" in a deportation statute applies to the same phrase used in the Sentencing Guidelines for purposes of determining a sentencing enhancement for an immigration offense. In *Aguirre v. INS*, 79 F.3d 315 (2d Cir.1996), we ruled that "aggravated felony," as defined in the Immigration and Nationality Act, *see* 8 U.S.C. § 1101(a)(43)(1994 & Supp. II 1996), excludes drug offenses that are state, but not federal, felonies. The issue here is whether that same narrow construction applies to section 2L1.2(b)(1)(A) of the Sentencing Guidelines, which specifies a sixteen-level sentencing enhancement when a defendant illegally reenters the country after having been deported following his conviction of an "aggravated felony." Pedro Pornes–Garcia appeals from the June 15, 1998, judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, District Judge), convicting him, on a plea of guilty, of illegally reentering the United States after having been deported, in violation of 8 U.S.C. § 1326 (Supp. II 1996), and sentencing him to fifty-one months of imprisonment. He challenges the sixteen-level enhancement he received.

We conclude that *Aguirre* did not alter the test applied by this Court to determine whether an offense of conviction is an aggravated felony for purposes of the sentencing enhancement under section 2L1.2(b)(1)(A). Prior to his deportation in

1993, Pornes–Garcia had been convicted of a crime that constitutes an aggravated felony under that test; accordingly, imposition of the sixteen-level sentencing enhancement was required. We therefore affirm.

## Background

Pornes–Garcia illegally entered the United States in 1984. After being arrested for possession of one-half a kilogram of cocaine, Pornes–Garcia pleaded guilty in 1991 in New York state court to attempted criminal possession in the first degree. He was sentenced to a term of imprisonment of three years to life. After serving approximately two years and seven months of his sentence, Pornes–Garcia was paroled on September 16, 1993. Two weeks later, he was deported to the Dominican Republic.

Pornes–Garcia illegally returned to the United States and again became involved with narcotics. In July 1995, he was arrested by New York state law enforcement authorities and charged with criminal sale of a controlled substance. A month later, a federal grand jury returned an indictment against Pornes–Garcia, charging him with illegally reentering the United States after having been deported following his conviction for the commission of an aggravated felony. On the New York state drug charge, Pornes–Garcia pleaded guilty to criminal sale of a controlled substance in the fifth degree and received an indeterminate sentence of two to four years' imprisonment. With respect to the federal charge of illegal reentry, Pornes–Garcia pleaded guilty.

The Presentence Report calculated his total offense level as twenty-one, reflecting a base offense level of eight, *see* U.S.S.G. § 2L1.2(a)(1997), a sixteen-level enhancement for reentering after having been deported subsequent to his conviction of an aggravated felony, *see id.* § 2L1.2(b)(1)(A), and a three-level reduction for acceptance of responsibility, *see id.* § 3E1.1. At sentencing, Pornes–Garcia asked the District Court to depart downward on two grounds, neither of which is relevant to this appeal. In addition, he objected to the sixteen-level enhancement pursuant to section 2L1.2(b)(1)(A), arguing that his 1991 state drug conviction was not an aggravated felony within the applicable definition of that term.

Application note 1 to section 2L1.2 incorporates the definition of "aggravated felony" found in 8 U.S.C. § 1101(a)(43) for purposes of determining which defendants are subject to the sixteen-level enhancement. *See* U.S.S.G. § 2L1.2 comment. n. 1. Pornes–Garcia argued that this Court's decision in *Aguirre,* 79 F.3d 315, authoritatively construed the definition of aggravated felony under section 1101(a)(43) as excluding a conviction for a drug offense that is classified as a felony under the law of the state in which the defendant was convicted, but, if prosecuted federally, would have resulted in a misdemeanor conviction. *Aguirre* held that such a conviction does not constitute a conviction for an aggravated felony for purposes of determining whether an alien is ineligible for asylum or withholding of deportation under the Immigration and Nationality Act. The District Court rejected Pornes–Garcia's argument, stating that it had "great difficulty finding [*Aguirre*'s construction] applicable to the sentencing guidelines" and that this Court's decision in *United States v. Polanco,* 29 F.3d 35 (2d Cir.1994), which considered the meaning of "aggravated felony" in the sentencing context, supported imposition of the enhancement in Pornes–Garcia's case. Accordingly, the District Court increased Pornes–Garcia's offense level by sixteen levels and sentenced him to fifty-one months' imprisonment.

## Discussion

■ Where, as here, a sentencing court's application of the Guidelines "approaches a purely legal question," we review that application *de novo.* *United States v. Medina,* 74 F.3d 413, 417 (2d Cir.1996).

Section 1326(a) of title 8 makes it a crime for a deported alien to return to the United States without special permission from the Attorney General and authorizes a maximum prison term of two years. Section 1326(b) authorizes an enhanced penalty of up to twenty years' imprisonment for "any alien described" in subsection (a) "whose removal was subsequent to a conviction for commission of an aggravated felony." 8 · U.S.C. § 1326(b)(2); *see also Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 1224–26, 140 L.Ed.2d 350 (1998). Section 2L1.2 of the Sentencing Guidelines applies to offenses under 8 U.S.C. § 1326. That guideline specifies a base offense level of eight for illegal reentry and, in accordance with the statutory scheme, section 2L1.2(b)(1)(A) provides for a mandatory sentencing enhancement where the defendant is convicted of reentry after deportation if that deportation followed the defendant's conviction for the commission of an aggravated felony.[1] Although "aggravated felony" is not defined in the guideline, application note 1 to section 2L1.2 states, " '[A]ggravated felony' is defined at 8 U.S.C. § 1101(a)(43)." U.S.S.G. § 2L1.2 comment. n. 1.

Because the statutory definition of aggravated felony incorporates still other statutory definitions, a close examination of the relevant provisions is necessary. Section 1101(a)(43) of title 8 defines "aggravated felony" as, among other things, "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). Section 1101(a)(43) further provides that the term aggravated felony "applies to an offense described in [section 1101(a)(43) ] whether in violation of Federal or State law." *Id.* § 1101(a)(43). In section 924(c)(2) of title 18, a "drug trafficking crime" is defined as including "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)." 18 U.S.C. § 924(c)(2) (1994). The Controlled Substances Act, in turn, defines "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13) (1994).

In *Polanco*, 29 F.3d at 38, we ruled that a defendant's prior conviction constitutes a "drug trafficking crime" under 18 U.S.C. § 924(c)(2) and, therefore, an "aggravated felony" mandating the sixteen-level enhancement pursuant to section 2L1.2 of the Guidelines, if: (1) the offense is punishable under the Controlled Substances Act, and (2) it is a felony under either state *or* federal law.˙ *See id.* at 38 (citing *United States v. Forbes*, 16 F.3d 1294, 1301 & n. 10 (1st Cir.1994)). These criteria determine an "aggravated felony" for purposes of the sentencing enhancement "regardless of the quantity or nature of the contraband or the severity of the sentence imposed." *Id.* Under this test, so long as the prior offense conduct is punishable under the Controlled Substances Act, the enhancement applies to a defendant whose prior offense was prosecuted as a state law felony even though it would have resulted in a misdemeanor conviction if prosecuted under federal law.

Four other courts of appeals have adopted a similar test. *See United States v. Hinojosa–Lopez*, 130 F.3d 691, 693–94

---

**1.** Section 2L1.2 of the Guidelines was revised by an amendment effective November 1, 1997. Under both the current and prior versions, a defendant previously deported subsequent to an aggravated felony conviction is subject to a sixteen-level enhancement. The 1997 amendment, among other things, renumbered former 2L1.2(b)(2) to the present 2L1.2(b)(1)(A), the provision at issue here. In addition, the amendment broadened the definition of "aggravated felony" set forth in the application notes (in ways not relevant to this case) to conform it to the amended definition in the Immigration and Nationality Act. *See* U.S.S.G. app. C, amendment 562, at 411–13 (Nov. 1, 1997). The amendment also added a definition of "felony offense" in the application notes, defining that term for purposes of the guideline as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." *See id.* at 412.

(5th Cir.1997); *United States v. Briones–Mata,* 116 F.3d 308, 309–10 (8th Cir.1997); *United States v. Cabrera–Sosa,* 81 F.3d 998, 1000–01 (10th Cir.1996); *United States v. Restrepo–Aguilar,* 74 F.3d 361, 364–65 (1st Cir.1996). Furthermore, this test has been applied by courts of appeals to classify crimes of mere drug possession as "drug trafficking crimes" under section 924(c)(2) and, by extension, an aggravated felony under section 2L1.2 of the Guidelines. *See, e.g., Hinojosa–Lopez,* 130 F.3d at 694; *Briones–Mata,* 116 F.3d at 309; *Cabrera–Sosa,* 81 F.3d at 1000.

Under the *Polanco* test, Pornes–Garcia's 1991 conviction qualifies as a conviction for the commission of an "aggravated felony" for purposes of section 2L1.2(b)(1)(A). First, the offense conduct to which he pleaded guilty, attempted possession of cocaine in the first degree, is punishable under the Controlled Substances Act as an attempt to commit a violation of 21 U.S.C. § 844(a), which makes it a crime to possess knowingly a controlled substance. *See* 21 U.S.C. §§ 844(a), 846 (1994 & Supp. II 1996). The second requirement—that the defendant was convicted of a felony under either state or federal law—is also satisfied. *See* N.Y. Penal Law § 110.05(1)(McKinney 1998) (attempted criminal possession in the first degree is a class A–I felony).

Thus, if the test adopted by this Court in *Polanco* controls, application of the enhancement was proper. Pornes–Garcia, however, contends that we implicitly overruled *Polanco* in *Aguirre* and that the Court's interpretation of "aggravated felony" in that case governs application of the sixteen-level enhancement under section 2L1.2 of the Guidelines; alternatively, he urges us to adopt the rule articulated in *Aguirre* for purposes of sentencing.

In *Aguirre,* we "revisit[ed] the issue of whether an offense that is a felony under

state but not federal law qualifies as an 'aggravated felony' for purposes of precluding an alien from consideration for waiver of deportation or asylum." 79 F.3d at 316. In an earlier decision, *Jenkins v. INS,* 32 F.3d 11 (2d Cir.1994), we had held—consistent with the test articulated in *Polanco*—that an alien's state conviction for a drug offense that is a felony under state law, but a misdemeanor under federal law, qualified as a conviction for the commission of an "aggravated felony" under 8 U.S.C. § 1101(a)(43), and, thus, that the petitioner was ineligible for relief from deportation pursuant to 8 U.S.C. § 1105a(a)(3) (repealed 1996). Subsequent to our decision in *Jenkins,* the Board of Immigration Appeals ("BIA") considered the meaning of section 1101(a)(43)'s definition of "aggravated felony" in the context of an application for a discretionary waiver of deportation.[2] *See In re L–G–,* Interim Decision (BIA) 3254, 1995 WL 582051 (BIA Sept. 27, 1995). The BIA ruled that for purposes of the discretionary waiver, an offense qualifies as an "aggravated felony" only if "it is a felony under state law and has a sufficient nexus to unlawful trading or dealing in a controlled substance to be considered 'illicit trafficking' as commonly defined" or, regardless of state classification as a felony or misdemeanor, it is analogous to a felony under the federal statutes enumerated in 18 U.S.C. § 924(c)(2). *Id.* The BIA expressly disagreed with our decision in *Jenkins,* and stated that it would follow our holding only in deportation and asylum cases arising in the Second Circuit. *See id.*

Shortly after the BIA's decision in *In re L–G–,* we reconsidered the holding of *Jenkins* in *Aguirre.* Noting "our frequently expressed concern to avoid disparate treatment of similarly situated aliens under the immigration laws," we observed that "[s]ince the BIA will now extend discre-

---

**2.** In certain circumstances, the Immigration and Nationality Service ("INS") may grant asylum or a waiver of deportation. An alien who has been convicted of an aggravated felony, however, is not eligible for such consideration. *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1158(b)(2)(B)(i) (1994 & Supp. II 1996).

tionary consideration to an alien like [the petitioner], adherence to *Jenkins* will mean that only aliens within this Circuit will be denied such consideration." *Aguirre*, 79 F.3d at 317 (citations omitted). With the agreement of the panel that decided *Jenkins*, we concluded that "the interests of nationwide uniformity outweigh our adherence to Circuit precedent in this instance." *Id.*

■ In overruling *Jenkins*, however, we did not purport to disturb our holding in *Polanco*. Nevertheless, Pornes–Garcia argues that ordinary rules of statutory construction require us to give the same meaning to the definition of "aggravated felony" in section 1101(a)(43) wherever that term is used in the Immigration and Nationality Act and especially where it is incorporated by the sentencing guidelines applicable to offenses under that Act. Normally, the same term appearing in different portions of a single act is taken to have the same meaning in each appearance, *see, e.g., Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 479, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992); *Russo v. Texaco, Inc.*, 808 F.2d 221, 227 (2d Cir.1986), and this rule applies with equal force where different sections of an act incorporate the same definition of a particular term, *see* Norman J. Singer, *Sutherland's Statutory Construction* § 47.07 at 151–52 (1992) ("It is commonly understood that [statutory] definitions establish meaning where the terms appear in that same act or, in the case of general interpretive statutes, the definition extends to as much legislation as the general act itself designates.").

Nevertheless, like many rules of statutory construction, this one is not without its exceptions. *See, e.g., Weaver v. United States Information Agency*, 87 F.3d 1429, 1437–38 (D.C.Cir.1996); *Vanscoter v. Sullivan*, 920 F.2d 1441, 1448–49 (9th Cir. 1990); *Feder v. Goetz*, 264 F. 619, 624 (2d Cir.1920); *In re Willcher*, 447 A.2d 1198, 1207–09 (D.C.1982) (Newman, Chief Judge, concurring)(citing numerous cases where the same word or term appearing in

several sections of a statute is given different meanings); *cf. Stowell v. Secretary of Health & Human Services*, 3 F.3d 539, 542 (1st Cir.1993) ("It is apodictic that Congress may choose to give a single phrase different meanings in different parts of the same statute."). As the Supreme Court stated in *Atlantic Cleaners & Dyers, Inc. v. United States:*

> Where the subject matter to which the words refer is not the same in the several places where they are used, or the conditions are different, or the scope of the legislative power exercised in one case is broader than that exercised in another, the meaning well may vary to meet the purposes of the law....

286 U.S. 427, 433, 52 S.Ct. 607, 76 L.Ed. 1204 (1932).

This case presents one of those instances where different interpretations of the same term are warranted by the differing purposes of the provisions incorporating that term. In *Aguirre*, our concern for uniform application of immigration laws and this country's commitment to providing asylum militated in favor of adopting the BIA's construction. In the very different context of criminal sentencing, those concerns are not present. Indeed, *Aguirre* explicitly noted that decisions interpreting "aggravated felony" in the sentencing context did not affect its interpretation of the same term in that case. *See Aguirre*, 79 F.3d at 317 n. 1.

Furthermore, there are sound reasons to adhere to the construction of section 1101(a)(43)(B) we adopted in *Polanco*. First, application of *Aguirre*'s construction in the sentencing context would result in the very sort of disparate treatment we sought to avoid in *Aguirre*, since no other circuit applies the interpretation of "aggravated felony" adopted by *Aguirre* to the sentencing enhancement at issue here. *See, e.g., Hinojosa–Lopez*, 130 F.3d at 694; *Briones–Mata*, 116 F.3d at 309 n. 2; *Restrepo–Aguilar*, 74 F.3d at 364. Second, our interpretation of "aggravated felony" in the context of section 2L1.2 is informed

by the commentary accompanying that guideline. *See Stinson v. United States,* 508 U.S. 36, 42–46, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). Application note 1 to section 2L1.2 mandates a broad definition of "felony"; it provides that " '[f]elony offense' means any federal, state, or local offense punishable by imprisonment for a term exceeding one year."

Finally, we conclude that *Polanco*'s interpretation of section 2L1.2 of the Guidelines accords with congressional intent. In recent years, Congress has substantially increased maximum sentences authorized for the offense of illegal reentry following felony convictions. *See* Violent Crime Control and Law Enforcement Act of 1994, Pub.L. 103–322, Title XIII, § 130001(b), 108 Stat. 1796, 2023. Furthermore, as we noted in *United States v. Abreu–Cabrera,* 64 F.3d 67, 75 (2d Cir.1995), Congress and the Sentencing Commission "have shown themselves capable of modifying the definition of aggravated felony to exclude circumstances deemed less significant," and the "failure similarly to limit the category of drug trafficking crimes that call for the enhanced sentence for illegal reentry following deportation as an aggravated felon cannot be seen as inadvertent." For these reasons, we adhere to the test articulated by this Court in *Polanco.*

## Conclusion

The judgment of the District Court is affirmed.