IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-40023
Summary Calendar

_____


UNITED STATES OF AMERICA

                                    Plaintiff - Appellee

        v.

ALEJANDRO AGUILAR-CABELLERO

                                    Defendant - Appellant
_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-CR-696-1
_____

August 30, 2000

Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

     Following entry of his guilty plea, Alejandro Aguilar-

Cabellero was convicted of illegally re-entering the United

States pursuant to 8 U.S.C. § 1326 and was sentenced to a

seventy-month term of imprisonment.  He contends that because his

prior state-court conviction for mere possession of cocaine

cannot qualify as an "aggravated felony," the sentencing court

erred in basing his sentence on a 16-level enhancement under

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

§ 2L1.2(b)(1)(A) of the Sentencing Guidelines.  See U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A) (1998).

Section 2L1.2 reflects implementation of § 1326's enhancement for prior convictions for committing aggravated felonies.  See 8 U.S.C. § 1326(b)(2) (providing that those individuals convicted of illegal entry after removal who were previously convicted for committing aggravated felonies face up to a twenty-year sentence as compared to the two-year sentence described in § 1326(a) or the ten-year sentence described in § 1326(b)(1)); United States v. Zavala-Sustaita, 214 F.3d 601, 603 (5th Cir. 2000).  The Application Notes for § 2L1.2 provide that the term "aggravated felony" is defined at 8 U.S.C. § 1101(a)(43).  See U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 comment, n.1.  Section 1101(a)(43) lists as an aggravated felony "a drug trafficking crime" as that term is defined in 18 U.S.C. § 924(c).  See 8 U.S.C. § 1101(a)(43).  Aguilar-Cabellero contends that considering mere possession of cocaine as a "drug trafficking crime" violates both the due process requirement of notice and specificity and the rule of lenity.

Aguilar-Cabellero recognizes that our opinion in United States v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir. 1997), may be dispositive of his claim.  He distinguishes that case on both its facts and the issue presented to the court.  The defendant in Hinojosa-Lopez was convicted of possessing more than fifty pounds of marijuana.  Aguilar-Cabellero points to the fact that, in

2

contrast, he was convicted of simple cocaine possession, which would be a misdemeanor under federal law. Aguilar-Cabellero also notes that Hinojosa-Lopez asserted that his prior conviction did not warrant the 16-level enhancement because it too would have been a misdemeanor under federal law. Thus, Aguilar-Cabellero contends, our statement in Hinojosa-Lopez that marijuana possession was a drug-trafficking crime under § 924(c) was mere dicta and need not be followed.

Aguilar-Cabellero looks to the dictionary and to legislative history of 18 U.S.C. § 924(c) for support for his contention that "drug-trafficking" does not include mere possession and for his argument that a person of reasonable intelligence could not be expected to understand that mere possession would be equated with drug trafficking. He also argues that, because § 924(c)'s language is at least ambiguous, the rule of lenity dictates that it be interpreted in a manner so as to yield a lesser sentence.

We find that Hinojosa-Lopez is indeed dispositive. The differences Aguilar-Cabellero identifies in the two cases do not render our prior holding inapplicable. We agreed in Hinojosa-Lopez with the five circuits that had by then addressed the issue that a "prior conviction constitutes an aggravated felony for purposes of § 2L1.2(b)[(1)(A)] if (1) the offense was punishable under the Controlled Substances Act and (2) it was a felony." 130 F.3d at 694. This holding was based in part on language of § 924(c)(2), which defines a "drug trafficking crime" as

3

including "any felony punishable under the Controlled Substances Act," 18 U.S.C. § 924(c)(2), and of the Controlled Substances Act, which defines "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13).[1]  Aguilar-Cabellero's prior conviction for possession of cocaine meets the definition of an aggravated felony under Hinojosa-Lopez. 130 F.3d at 694.

Even if we did not find Hinojosa-Lopez controlling, we would have to reject Aguilar-Cabellero's challenge.  His vagueness arguments are directed at a statute, § 924(c), that the sentencing court did not apply to his case.  Instead, § 924(c) is relevant only to an interpretation of the term "aggravated felony" as used in the Sentencing Guidelines.  We must therefore assess Aguilar-Cabellero's arguments within the context of those Guidelines.  As we have previously held, "[d]ue process does not mandate . . . either notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall."  United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990); see also United States v. Brierton, 163 F.3d 1133, 1139 (7th Cir. 1999) (concluding that the Sentencing Guidelines "are not susceptible to attack under the vagueness doctrine"), reh'q

---

[1]  We note that the Application Notes for § 2L1.2 also define "felony offense" broadly.  See U.S. Sentencing Guidelines Manual § 2L1.2 comment, n.1 (defining "felony offense" to mean "any federal, state, or local offense punishable by imprisonment for a term exceeding one year").

4

<u>granted</u> Mar. 25, 1999; <u>United States v. Wivell</u>, 893 F.2d 156, 160 (8th Cir. 1990) ("Because there is no constitutional right to sentencing guidelines — or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines — the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague."). In fact, Aguilar-Cabellero received notice in his pre-sentencing report that he qualified for a 16-level enhancement under § 2L1.2(b)(1)(A) based on his prior conviction for cocaine possession.

Aguilar-Cabellero's rule of lenity argument must also be rejected. Even if our task involved a determination of Congress' intent in enacting and amending § 924(c) (rather than a determination of the meaning of "aggravated felony" in § 2L1.2(b)(1)(A)), that § 924(c) could be interpreted in a different manner does not make the rule of lenity applicable. <u>See</u> <u>Muscarello v. United States</u>, 524 U.S. 125, 138-39 (1998) ("The simple existence of some statutory ambiguity, however, is not sufficient to warrant application of [the rule of lenity], for most statutes are ambiguous to some degree. . . . To invoke the rule, we must conclude that there is a grievous ambiguity or uncertainty in the statute." (internal citations and quotation marks omitted)); <u>Zavala-Sustaita</u>, 214 F.3d at 607 n.11 (noting that the rule of lenity "applies only when 'a reasonable doubt persists about a statute's intended scope even after resort to

5

the language and structure, legislative history, and motivating policies of the statute.'" (quoting <u>Moskal v. United States</u>, 498 U.S. 103, 108 (1990))).  As it stands, circuit courts considering cases involving prior convictions for possession of a controlled substance are in agreement that simple possession can be considered an "aggravated felony" under § 2L1.2(b)(1)(A).  <u>See</u> <u>United States v. Ibarra-Galindo</u>, 206 F.3d 1337, 1341 (9th Cir. 2000); <u>United States v. Pornes-Garcia</u>, 171 F.3d 142, 146 (2d Cir.), <u>cert. denied</u>, 120 S. Ct. 191 (1999); <u>Hinojosa-Lopez</u>, 130 F.3d at 694; <u>United States v. Briones-Mata</u>, 116 F.3d 308, 309 (8th Cir. 1997); <u>United States v. Cabrera-Sosa</u>, 81 F.3d 998, 1000 (10th Cir.), <u>cert. denied</u>, 519 U.S. 885 (1996).[2]  This substantial agreement alone suggests to us that there is insufficient ambiguity to warrant application of the rule of lenity.  <u>See</u> <u>Ibarra-Galindo</u>, 206 F.3d at 1341.

For the foregoing reasons, we AFFIRM.

---

[2]  Aguilar-Cabellero looks to <u>Aguirre v. INS</u>, 79 F.3d 315 (2d Cir. 1996) for support for his contentions.  However, the Second Circuit has explicitly stated that <u>Aguirre</u>'s definition of "aggravated felony" does not control applications of § 2L1.2(b)(1)(A).  <u>See</u> <u>Pornes-Garcia</u>, 171 F.3d at 143.