**UNITED STATES of America,**
**Appellee,**

**v.**

**Juan GARCIA, also known as Himmey Hache, also known as Jaime Hache, also known as Juan Rodriguez, Defendant–Appellant.**

**No. 00–1140.**

United States Court of Appeals, Second Circuit.

April 25, 2001.

David S. Hammer New York, NY, for appellant.

Serene K. Nakano U.S. Attorney's Office, Southern District of New York New York, NY, for appellee.

Present PARKER, and SACK, Circuit Judges, STEIN,* Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

---

Defendant–Appellant Juan Garcia appeals from his January 25, 2000 judgment of conviction and sentence in the district court. In the district court, Garcia pleaded guilty to entering and being found in the United States after having been deported subsequent to his conviction for the commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). On appeal, Mr. Garcia now argues that his prior state court conviction does not constitute an "aggravated felony" under 8 U.S.C. § 1326(b)(2), and that, therefore, his sentence constitutes plain error.

Garcia challenges his sentence, not the guilty plea that underlies that sentence. We therefore need not address the question whether the term "aggravated felony" in the statute under which he pleaded guilty, 8 U.S.C. § 1326(b)(2), encompasses crimes that are classified as felonies under state law but misdemeanors under federal law. Instead, we need only determine whether there was plain error in the district court's calculation of Garcia's sentence.

In *United States v. Polanco,* 29 F.3d 35 (2d Cir.1994), we held that a prior state court conviction for a crime that the State defines as a felony constitutes prior conviction "for an aggravated felony" for purposes of U.S. Sentencing Guidelines Manual § 2L1.2(b)(2)(1993) (now § 2L1.2(b)(1)(A)), even if the crime convicted of in state court would not constitute a felony under federal law. Therefore, we held, the mandatory sixteen-level sentencing enhancement for prior conviction "for an aggravated felony" required by the Guidelines applies where the defendant has such a prior conviction. We reaffirmed this holding in *United States v. Pornes–Garcia,* 171 F.3d 142 (2d Cir.1999).

Garcia pleaded guilty to, and was convicted of, entering and being found in the United States after having been deported. He has a prior conviction for a state felony. Thus, under § 2L1.2(b)(2)(1993) and this Court's decisions interpreting that Guideline, his sixteen-level sentencing enhancement was appropriate.

For the reasons set forth above, the judgment of the district court is AFFIRMED.