**UNITED STATES of America,**
**Appellant,**

v.

**Miguel A. RAMIREZ, Defendant–**
**Appellee.**

**Docket No. 02–1768.**

United States Court of Appeals,
Second Circuit.

Argued: July 18, 2003.

Decided: Sept. 18, 2003.

David Berardinelli, Assistant United States Attorney, Southern District of New

York, New York, New York (James B. Comey, United States Attorney; Gary Stein, Assistant United States Attorney, on the brief), for Appellant.

Roger L. Stavis, Stavis & Kornfeld, L.L.P., New York, New York (Laura J. Lefkowitz, on the brief), for Defendant–Appellee.

Before: CALABRESI, RAGGI, and WESLEY, Circuit Judges.

RAGGI, Circuit Judge.

This appeal again presents us with the question whether a state felony conviction for simple drug possession constitutes an aggravated felony under U.S.S.G. § 2L1.2(b)(1), the guideline that identifies specific offense characteristic enhancements for violations of 8 U.S.C. § 1326 (unlawful reentry after deportation). When, in *United States v. Pornes–Garcia*, 171 F.3d 142, 145 (2d Cir.1999), we answered this question in the affirmative, we were reviewing the pre–2001 version of U.S.S.G. § 2L1.2(b)(1). Today, we reach the same conclusion in construing the November 2001 amendment to that guideline.

Appellant, the United States of America, appeals from that part of the November 25, 2002 judgment of conviction of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*) that sentenced Defendant–Appellee Miguel A. Ramirez to twenty-four months' incarceration and two-years' supervised release on his guilty plea to illegal reentry after deportation in violation of 8 U.S.C. § 1326. The United States submits that the district court erred in its calculation of Ramirez's guideline range by refusing to treat his two prior New York State felony convictions for drug possession as "aggravated felon[ies]" warranting an eight-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C) and,

instead, applying the four-level enhancement provided in § 2L1.2(b)(1)(D) for defendants deported after conviction for "any other felony." Because we conclude that a felony drug possession conviction qualifies as an "aggravated felony" under § 2L1.2(b)(1)(C), just as it did under the pre-amendment version of the guideline, we vacate Ramirez's sentence and remand the case for resentencing. We further grant the United States's unopposed request to remand for correction of the written judgment to conform with the court's oral sentence of a three-year term of supervised release.

## I. Background

### A. Ramirez's 2000 Deportation from the United States after New York State Convictions for Drug Possession

On March 1, 1999, Miguel A. Ramirez, a Dominican national unlawfully in the United States, was arrested by New York City police officers for possession of cocaine with intent to distribute. That same month, on March 16, 1999, Ramirez was again arrested after selling cocaine to an undercover detective. Ramirez resolved both cases by pleading guilty to two felony counts of simple cocaine possession in the third degree, see N.Y. Penal Law § 220.16(12) (McKinney 1998), for which crimes he received concurrent sentences of one-to-three years' imprisonment. Paroled on March 21, 2000, into the custody of the Immigration and Naturalization Service, Ramirez was deported to the Dominican Republic on August 1, 2000.

### B. Ramirez's Guilty Plea for Unlawful Reentry into the United States

On March 20, 2001, approximately eight months after deportation, Ramirez reentered the United States without the permission of the Attorney General, in violation of 8 U.S.C. § 1326(a). Almost immediately, on March 23, 2001, Ramirez was arrested by New York City police for again selling drugs.[1] Federal authorities were alerted to his presence in the United States and, on September 10, 2001, a grand jury sitting in the Southern District of New York returned a one-count indictment charging Ramirez with illegal reentry after deportation. See 8 U.S.C. § 1326(a). On April 2, 2002, after a petit jury had been empanelled, Ramirez pleaded guilty to the single charge against him.

### C. Ramirez's Sentencing

After reviewing Ramirez's Pre–Sentence Report, as well as various submissions from the parties discussing which of the U.S.S.G. § 2L1.2(b)(1) enhancements applied in Ramirez's case, the district court, on September 6, 2002, issued a memorandum and order noticing its intent to apply the four-level enhancement provided in § 2L1.2(b)(1)(D) for prior felony convictions that do not constitute aggravated felonies. See United States v. Ramirez, 01–CR–0888, 2002 WL 31016657 (S.D.N.Y. Sept.9, 2002).

Implicitly acknowledging this court's 1999 holding that felony convictions for simple drug possession qualified as "aggravated felon[ies]" under § 2L1.2(b)(1) (1997), see United States v. Pornes–Garcia, 171 F.3d at 145, the district court questioned the continued applicability of that decision after amendment of the guideline in 2001. Prior to amendment, § 2L1.2(b)(1) had provided for only two

---

**1.** Ramirez disposed of this case on August 29, 2001, by pleading guilty to a lesser charge of drug possession in the seventh degree, see N.Y. Penal Law § 220.03 (McKinney 2000), receiving a sentence of time served.

possible enhancements—a sixteen-level increase if a defendant had been deported after conviction for an aggravated felony, *see* U.S.S.G. § 2L1.2(b)(1)(A) (1997), and a four-level increase if deportation had followed conviction for any other felony, *see id.* § 2L1.2(b)(1)(B). After amendment, however, a prior "aggravated felony" conviction warrants only an eight-level enhancement, *see* U.S.S.G. § 2L1.2(b)(1)(C) (2001), unless it falls within certain specified categories. In the case of prior drug convictions, a sixteen-level enhancement applies for "drug trafficking offense[s]" resulting in sentences exceeding thirteen months. *Id.* § 2L1.2(b)(1)(A). If a "drug trafficking offense" results in a sentence of thirteen months or less, a twelve-level enhancement applies. *Id.* § 2L1.2(b)(1)(B).

The problem, in the district court's view, was that amended § 2L1.2(b)(1), like its predecessor, defines "aggravated felony" by reference to 8 U.S.C. § 1101(a)(43), *see* U.S.S.G. § 2L1.2 Application Note 2, which, in turn, incorporates the definition of "drug trafficking crime" employed in 18 U.S.C. § 924(c), *see* 8 U.S.C. § 1101(a)(43)(B). Perceiving no meaningful distinction between a "drug trafficking crime" and a "drug trafficking offense," the district court concluded that continued application of the statutory definition of aggravated felony to the amended guideline would "elevate[ ] all drug felonies to drug trafficking felonies," thereby defeating the amendment's effort to draw distinctions between those drug crimes sufficiently serious to warrant the twelve— and sixteen-level enhancements called for by U.S.S.G. § 2L1.2(b)(1)(A) & (B) and those meriting the lesser eight-level increase provided in § 2L1.2(b)(1)(C). *United States v. Ramirez*, 2002 WL 31016657, at *2–3.

Concluding that it could not treat Ramirez's felony possession convictions as "aggravated felon[ies]" for purposes of § 2L1.2(b)(1)(C) without simultaneously treating them as "drug trafficking offense[s]" under § 2L1.2(b)(1)(A)—a result it deemed at odds with the "purpose [and] intent" of the 2001 amendments—the district court declined to apply § 2L1.2(b)(1)(C) to Ramirez and, instead, calculated his guidelines with reference to the four-level enhancement provided in § 2L1.2(b)(1)(D) for "any other felony." *Id.* at *3.

The United States objected to the court's conclusion that every "aggravated felony" under § 2L1.2(b)(1)(C) was necessarily a "drug trafficking offense" under § 2L1.2(b)(1)(A) or (b)(1)(B) and urged application of the eight-level enhancement. Unpersuaded, the district court determined that Ramirez's total offense level was 10 and that, with a Criminal History Category of V, his sentencing range was 21 to 27 months. The court sentenced Ramirez to the middle of this range, imposing a 24–month term of incarceration.

## II. *Discussion*

### A. *The Appropriate § 2L1.2(b)(1) Enhancement*

#### 1. *Standard of Review*

█ The question which guideline enhancement properly applies to Ramirez's case presents no disputed issues of fact but only a disagreement about the proper interpretation and application of § 2L1.2(b)(1). We review *de novo* the district court's ruling on this issue. *See United States v. Rivers*, 329 F.3d 119, 120 (2d Cir.2003).

#### 2. *Section 2L1.2(b)(1) Enhancements Before the November 2001 Amendments*

Prior to amendment in November 2001, § 2L1.2(b)(1)(A) provided that in calculat-

ing the guideline range of a defendant convicted for unlawful reentry after deportation, the base offense level of eight should be increased by sixteen "[i]f the defendant previously was deported after a ... conviction ... for an aggravated felony." Construing this provision in both *United States v. Polanco*, 29 F.3d 35, 37–38 (2d Cir.1994) and *United States v. Pornes–Garcia*, 171 F.3d at 145–46, this court concluded that it applied to any felony conviction, whether under federal or state law, for conduct proscribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*

The court explained in *Pornes–Garcia*, 171 F.3d at 145, that although U.S.S.G. § 2L1.2 did not specifically define the term "aggravated felony," the guideline's Application Note 1 referenced the definition in 8 U.S.C. § 1101(a)(43). That statute defines "aggravated felony" to include any "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). It further states that the "term ['aggravated felony'] applies to an offense described in [§ 1101(a)(43)] whether in violation of Federal or State law." *Id.* § 1101(a)(43). Section 924(c) of Title 18, in turn, defines "drug trafficking crime" to include "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)." 18 U.S.C. § 924(c)(2).

Based upon this analysis, the court concluded that a New York State felony conviction for attempted drug possession constituted an aggravated felony subject to the sixteen-level enhancement then provided in U.S.S.G. § 2L1.2(b)(1)(A) (1997):

First, the offense conduct to which [defendant] pleaded guilty, attempted possession of cocaine in the first degree, is punishable under the Controlled Sub-

stances Act as an attempt to commit a violation of 21 U.S.C. § 844(a), which makes it a crime to possess knowingly a controlled substance. *See* 21 U.S.C. §§ 844(a), 846 (1994 & Supp. II 1996). The second requirement—that the defendant was convicted of a felony under either state or federal law—is also satisfied. *See* N.Y. Penal Law § 110.05(1) (McKinney 1998) (attempted criminal possession in the first degree is a class A–I felony).

*Pornes–Garcia*, 171 F.3d at 146.

The United States submits that this logic, applied to Ramirez's case, required the district court to treat defendant's two prior New York State convictions for drug possession as "aggravated felon[ies]" under U.S.S.G. § 2L1.2(b)(1) (2001). Ramirez urges us to follow the district court's lead and to hold that *Pornes–Garcia*'s analysis cannot be applied to the 2001 version of the guideline.

3. *Section 2L1.2(b)(1) Enhancements after the November 2001 Amendments*

Effective November 1, 2001, § 2L1.2 was amended to provide "a more graduated sentencing enhancement of between 8 levels and 16 levels, depending on the seriousness of the prior aggravated felony." U.S.S.G. Supp. to App. C, cmt. to amend. 632 (2001). The amended guideline now provides for the following enhancements:

Apply the Greatest:

If the defendant previously was deported, or unlawfully remained in the United States, after—

(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking

offense; or (vii) an alien smuggling offense committed for profit, increase by 16 levels;

(B) a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels;

(C) a conviction for an aggravated felony, increase by 8 levels;

(D) a conviction for any other felony, increase by 4 levels; or

(E) three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses, increase by 4 levels.

U.S.S.G. § 2L1.2(b)(1) (2001).

New Application Note 1 to § 2L1.2 makes plain that neither the sixteen-level enhancement provided in subsection (b)(1)(A) nor the twelve-level enhancement provided in subsection (b)(1)(B) applies to felony convictions for simple possession of drugs. It states that "[f]or purposes of subsection (b)(1)," the term " '[d]rug trafficking offense' means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 2L1.2, Application Note 1(B)(iii). At the same time, however, Application Note 2 retains the pre-amendment reference to 8 U.S.C. § 1101(a)(43) for the definition of the term "aggravated felony." *Id.* § 2L1.2, Application Note 2 ("For purposes of subsection (b)(1)(C), 'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43), without regard to the date of conviction of the aggravated felony.").

Ramirez submits that there is a tension between these two notes that precludes continued reliance upon *Pornes–Garcia* for the conclusion that felony drug possession constitutes an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C). If, as *Pornes–Garcia* held, a state felony conviction for drug possession qualifies as an "aggravated felony" under 8 U.S.C. § 1101(a)(43) by virtue of being a "drug trafficking crime" under 18 U.S.C. § 924(c)(2), then every felony drug possession is presumably also a "drug trafficking offense" subject to the enhanced penalties of U.S.S.G. § 2L1.2(b)(1)(A) & (B). But this cannot be the case, Ramirez maintains, because Application Note 1 makes clear that simple possession was never intended to be the subject of twelve— and sixteen-level enhancements.

Ramirez urges us to resolve this tension by applying the rule of lenity to interpret Application Note 1 as carving out an exception to Application Note 2 so that the term "aggravated felony" does not include felony convictions for simple drug possession. *See United States v. Simpson*, 319 F.3d 81, 86–87 (2d Cir.2002) (holding that rule of lenity can apply to the Sentencing Guidelines, but finding no ambiguity to warrant its application in the particular case). In the alternative, he suggests that we dismiss Application Note 2 as inconsistent with the intent of the amended guideline to reserve twelve— and sixteen-level enhancements for more serious drug offenses. *See Stinson v. United States*, 508 U.S. 36, 43, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) (suggesting that commentary may not control where it is so inconsistent with a guideline that following former would violate latter). Under either approach, Ramirez submits, his simple possession convictions would constitute merely generic felonies properly subject to U.S.S.G. § 2L1.2(b)(1)(D)'s four-level enhancement.

■ We are not persuaded by these arguments. We perceive no conflict between

the statutory definition of "aggravated felony" referenced in Application Note 2 and the express provisions of § 2L1.2(b)(1) that makes it impossible to apply the former without violating the latter. *See id.* at 43, 113 S.Ct. 1913. As for the rule of lenity, it is a court's last rather than first resort in resolving problems of interpretation. *See Chapman v. United States,* 500 U.S. 453, 463, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991); *accord United States v. Concepcion,* 983 F.2d 369, 380 (2d Cir.1992). Only after "seiz[ing] everything from which aid can be derived" and still finding itself "left with an ambiguous statute" will a court apply the rule. *Chapman,* 500 U.S. at 463, 111 S.Ct. 1919 (internal quotation marks omitted). That is hardly this case.

The problems identified by Ramirez and the concerns expressed by the district court appear to originate in an assumption that the terms "drug trafficking crime" and "drug trafficking offense" are synonymous. While the common meanings of the words "crime" and "offense" might support this view,[2] the terms "drug trafficking crime" and "drug trafficking offense" do not bear their common meanings in the context of U.S.S.G. § 2L1.2(b)(1). Rather, the two terms carry distinct legal definitions. *See Colautti v. Franklin,* 439 U.S. 379, 392 n. 10, 99 S.Ct. 675, 58 L.Ed.2d 596 (1979) ("As a rule, a definition which declares what a term means excludes any meaning that is not stated." (internal quotation marks and ellipses omitted)); *Western Union Telegraph Co. v. Lenroot,* 323 U.S. 490, 502, 65 S.Ct. 335, 89 L.Ed. 414 (1945) (applying statutory definition of "goods" under the Fair Labor Standards Act of 1938, *see* 29 U.S.C. § 203(1), even though it exceeded common understanding

of the word, because "statutory definitions ... prevail over colloquial meanings"); *see also United States v. Dillard,* 214 F.3d 88, 91 (2d Cir.2000) (holding that broad statutory definition of "crime of violence," in Bail Reform Act, 18 U.S.C. § 3156(a)(4), controlled over narrower conventional meaning).

Title 18 U.S.C. § 924(c)(2)—which is incorporated by reference into 8 U.S.C. § 1101(a)(43) and, therefore, into Application Note 2 to U.S.S.G. § 2L1.2—defines "drug trafficking crime" broadly to include "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)." By contrast, Application Note 1 to § 2L1.2 defines "drug trafficking offense" more narrowly to encompass only those crimes involving "the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Under these specific definitions, not every "drug trafficking crime" is a "drug trafficking offense." Only drug trafficking that goes beyond simple possession to the level of conduct identified in Application Note 1 qualifies as a "drug trafficking offense."

█ This case illustrates the distinction. For precisely the reasons outlined in *United States v. Pornes–Garcia,* 171 F.3d at 145, which we reaffirm today, Ramirez's state convictions are "drug trafficking crime[s]" under 18 U.S.C. § 924(c)(2) and, thus, "aggravated felonies" pursuant to U.S.S.G. § 2L1.2(b)(1)(C) no less than to its pre-amendment predecessor. This is because N.Y. Penal Law § 220.16(12), the statute pursuant to which Ramirez was convicted, makes it a class B felony know-

---

**2.** A "crime" is "the commission of an act that is forbidden ... by a public law," *Webster's Third New International Dictionary* 536

(1986); an "offense" is an "infraction of the law: crime, misdemeanor," *id.* at 1566.

ingly to possess a half ounce or more of any substance containing a narcotic drug, and such possession is certainly conduct punishable under the Controlled Substances Act, *see* 21 U.S.C. §§ 812(c)(Sch.II)(a)(4), 844(a). But under the amended guidelines, these aggravated felonies receive only an eight rather than sixteen-level enhancement because they did not involve "possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2, Application Note 1(B)(iii).

Our interpretation is consistent with that reached by sister circuits presented with similar challenges to the application of § 2L1.2(b)(1)(C). *See United States v. Castro–Rocha,* 323 F.3d 846, 850–51 (10th Cir.2003) (holding that the 2001 application note defining "drug trafficking offense" applies only to that term when it "appears verbatim within the text of the guideline itself" and does not limit the definition of "aggravated felony" in § 2L1.2(b)(1)(C)); *United States v. Soberanes,* 318 F.3d 959, 963–64 (9th Cir.2003) (same); *United States v. Caicedo–Cuero,* 312 F.3d 697, 707–08 (5th Cir.2002) (holding that the definition of "drug trafficking offense" found in § 2L1.2 does not supersede that of "drug trafficking crime" found in 8 U.S.C. § 1101(a)(43) for purposes of the aggravated felony enhancement); *see also United States v. Wilson,* 316 F.3d 506, 511–14 (4th Cir.2003) (holding that felony conviction for simple drug possession may constitute an aggravated felony under 2001 amendments to § 2L1.2(b)(1)).

Our interpretation is further supported by commentary accompanying the 2001 amendments to U.S.S.G. § 2L1.2. There, the Commission explained that amendments to the guideline's enhancement provisions were sparked by concerns that all aggravated felonies were being treated identically. Thus, "a defendant who previously was convicted of murder ... receive[d] the same 16–level enhancement as a defendant previously convicted of simple assault." U.S.S.G. Supp. to App. C, cmt. to amend. 632. The Commission responded "to these concerns by providing a more graduated sentencing enhancement of between 8 levels and 16 levels, depending on the seriousness of the prior aggravated felony." *Id.* In other words, the purpose of the 2001 amendments was not to narrow the definition of aggravated felony, but to reduce the enhancement for such felonies from sixteen levels to eight levels except in two categories of specifically denominated crimes. Fulfillment of this purpose does not demand, as Ramirez urges, that we abandon the logic of *Pornes–Garcia* and henceforth treat felony drug possession convictions as non-aggravating felonies subject to the four-level enhancement of U.S.S.G. § 2L1.2(b)(1)(D). To the contrary, the purpose of the 2001 amendments is fully achieved by continuing to recognize drug possession felonies as "drug trafficking crime[s]," and, therefore, "aggravated felon[ies]," subject to the eight-level enhancement of § 2L1.2(b)(1)(C) while, at the same time, distinguishing simple possession from those felonies specifically defined as "drug trafficking offenses" subject to the greater enhancements of § 2L1.2(b)(1)(A) & (B). *See United States v. Caicedo–Cuero,* 312 F.3d at 711.

Because we agree with the United States that § 2L1.2(b)(1)(C) and not § 2L1.2(b)(1)(D) should have been used to calculate Ramirez's sentencing guideline range, we vacate the sentence and remand for resentencing.

### B. *Correction of the Written Judgment*

The United States also requests a remand to permit the district court to correct that part of the written judgment

of conviction presently indicating a two-year term of supervised release so that it conforms with the court's oral pronouncement of a three-year term. It is well-settled in this circuit that "[w]here an unambiguous oral sentence conflicts with the written judgment, ... the oral pronouncement of sentence must control," *United States v. A–Abras Inc.*, 185 F.3d 26, 29 (2d Cir.1999), for it is "the oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence. The written commitment is mere evidence of such authority." *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir.1974) (internal quotation marks omitted). Thus, when a conflict between the oral sentence and written judgment occurs, Rule 36 of the Federal Rules of Criminal Procedure authorizes a district court "to amend the written judgment so that it conforms with the oral sentence pronounced by the court." *United States v. A–Abras Inc.*, 185 F.3d at 29 (quoting *United States v. Werber*, 51 F.3d 342, 347 (2d Cir.1995)). Because such a conflict appears in this case, and because Ramirez does not oppose this part of the United States's appeal, the district court, in entering a new judgment of conviction on remand, should correct the error in the written judgment.

### III. *Conclusion*

Because Ramirez's sentence was based upon an erroneous calculation of the sentencing guidelines and conflicts with the district court's oral pronouncement of a term of supervised release, we hereby VACATE the sentence and REMAND the case for resentencing consistent with this opinion.