**UNITED STATES of America,
Appellee,**

v.

**Antonio LASAGA, Defendant–Appellant.**

**No. 03–1592.**

United States Court of Appeals,
Second Circuit.

June 27, 2005.

District of Louisiana, sitting by designation.

Diane Polan, Law Offices of Diane Polan, L.L.C., (Mary Ann Royle, Vancouver, WA, on the brief), New Haven, CT, for Appellant.

Kari A. Dooley, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, John A. Danaher III and Jeffrey A. Meyer, Assistant United States Attorneys, on the brief), New Haven, CT, for Appellee.

PRESENT: WALKER, Chief Judge, JACOBS, Circuit Judge, and STANCEU, Judge.*

## SUMMARY ORDER

Defendant-appellant Antonio Lasaga appeals the sentence imposed by the district court upon re-sentencing for his conviction, following a guilty plea, on one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2), and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). We assume familiarity of the facts of this case, which are recited in detail in our opinion from Lasaga's first appeal. *See United States v. Lasaga,* 328 F.3d 61 (2d Cir. 2003).

■ As a result of the Supreme Court's decision in *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Lasaga is entitled to a remand to allow the district court to consider whether to resentence him under the post-*Booker* non-mandatory Guidelines regime. *See United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). However, because the district court on remand will still be obligated to "consider" the Guidelines, we exercise our discretion to adjudicate Guidelines issues before remanding. *See United States v. Fagans,* 406 F.3d 138, 140 (2d Cir.2005).

Prior to Lasaga's initial sentencing following conviction, the government sought the imposition of three upward departures: (1) a two-level departure under U.S.S.G. § 5K2.3, which allows for upward departure where a victim "suffered psychological injury much more serious than that normally resulting from commission of the offense" (the "Injury Departure"); (2) a three-level departure pursuant to U.S.S.G. § 5K2.0 based on the thousands of child pornography images found in Lasaga's possession (the "Quantity Departure"); and (3) a departure under U.S.S.G. § 4A1.3 to increase Lasaga's Criminal History Category from Category I to Category II on the ground that Category I underrepresented Lasaga's past criminal con-

---

* The Honorable Timothy Stanceu, Judge for the United States Court of International Trade, sitting by designation.

duct and his likelihood of recidivism (the "Criminal History Departure"). In addition, the government argued that the district court should impose the statutory maximum sentence of 20 years.

At the first sentencing hearing, the district court carefully considered the government's recommended departures and found that each departure was fully warranted by the evidence of the case. But after determining that it was not necessary to impose all of them in order to achieve a sentencing range that included 180 months—the sentence found by the district court to be most appropriate in the circumstances—the district court imposed a two-level Quantity Departure and a one-level Injury Departure, and declined to impose a Criminal History Departure. The district court then sentenced Lasaga to 180 months' imprisonment in the aggregate, which was "near the top of the range." In addition, anticipating that on appeal Lasaga would raise a constitutional challenge to one of the substantive counts of conviction, the district court stated that it believed that it would have sentenced Lasaga to the same amount of imprisonment even if the challenged count had been struck down as unconstitutional.

On his first appeal, Lasaga raised several claims including challenges to both departures. We affirmed Lasaga's conviction and rejected his challenge to the Quantity Departure. *Lasaga,* 328 F.3d at 68. But we agreed with Lasaga that the imposition of the Injury Departure under U.S.S.G. § 5K2.3 was improper because the district court had failed to make the requisite comparative finding that the psychological injury suffered by the victim of Lasaga's sexual abuse was much more serious than that normally resulting from the commission of the underlying offenses. We remanded to the district court "for re-sentencing consistent with this opinion." *Id.* at 68.

On remand, the government withdrew its request for an Injury Departure and, instead, renewed its argument that Lasaga warranted an additional one-level Quantity Departure as well as a Criminal History Departure based on his prior uncharged criminal conduct. After concluding that this court's mandate did not preclude the additional departures, the district court imposed both of them, with the result that Lasaga was once again sentenced to 180 months' imprisonment.

On the present appeal, Lasaga mounts three challenges to his new sentence. First he contends that the new departures violated the mandate rule. Second, he maintains that the district court abused its discretion in imposing an additional one-level Quantity Departure without allowing Lasaga to present additional evidence on the issue of quantity. Lasaga's third challenge, which was not asserted until his reply brief, is that the district court abused its discretion in imposing the Criminal History Departure.

■ We reject Lasaga's argument that the district court violated the mandate rule when it imposed the Quantity and Criminal History Departures. The mandate rule is a variant of the "law of the case" doctrine. To promote the finality of judgments, "the rule bars the district court from 'reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals.'" *United States v. Stanley,* 54 F.3d 103, 107 (2d Cir.1995) (quoting *United States v. Minicone,* 994 F.2d 86, 89 (2d Cir.1993)); *see also United States v. Uccio,* 940 F.2d 753, 757 (2d Cir.1991). However, the mandate rule affords the district court discretion to reconsider, on remand, issues that were not "expressly or implicitly" decided by this court, including sentencing decisions that were intertwined with the decision reversed on appeal. *See United States v. Quintieri,* 306 F.3d 1217 (2d Cir.

2002) (holding that *de novo* sentencing on remand is appropriate "for example, when the reversal [by the Court of Appeals] effectively undoes the entire knot of calculation"); *see also Uccio*, 940 F.2d at 757–59 (holding that imposition on remand of previously rejected upward departure did not violate the mandate rule because the issue was left open on prior appeal); *United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977).

The additional departures imposed by the district court on remand—the additional one-level Quantity Departure and the Criminal History Departure—fall into this latter category. Both departures had been urged by the government during Lasaga's original sentencing, and the district court had expressly found that both departures were fully warranted by the facts of the case. Moreover, the district court's rationale for not imposing them initially— that the appropriate sentence could be reached without them—was nullified by our reversal of the Injury Departure. Thus, it was within the district court's discretion to reconsider its earlier decision. *Cf. Quintieri*, 306 F.3d at 1230 (noting that "district courts may similarly depart from the law of the case and reconsider their own decisions for cogent and compelling reasons if those decisions have not been ruled on by the appellate court").

█ Lasaga urges that the district court was nevertheless foreclosed from imposing the additional Quantity Departure because this court had implicitly ruled on the issue in Lasaga's first appeal. We disagree. In the prior appeal, we upheld the initial two-level Quantity Departure on the reasoning that,

> in light of the very large number of images (the district court appears to have accepted the government's estimate of 150,000), it was reasonable for the district court to depart on the grounds that the Guidelines did not give

sufficient weight to quantity in such circumstances.

*Lasaga*, 328 F.3d at 67. This holding neither explicitly nor implicitly decided the question of whether a three-level enhancement would also have been appropriate. *See Uccio*, 940 F.2d at 757–59.

█ Lasaga next contends that, even if the mandate rule is inapplicable, the district court erred in increasing the Quantity Departure without allowing Lasaga to present additional evidence to refute the district court's quantity determination, including presenting evidence to demonstrate that many of the images were digitized "virtual" pornography rather than actual pornography. These issues, however, were fully litigated and rejected by the district court and this court in the first round of sentencing and appeal. Thus, the district court did not err in precluding Lasaga from submitting additional evidence at the time of resentencing.

█ Turning to Lasaga's challenges to the merits of the departures imposed by the district court, we conclude that his challenge to. the Quantity Departure is foreclosed by the law of this case. In rejecting Lasaga's contention on his first appeal that there was insufficient evidence to support the Quantity Departure, we held that

> [w]hile the precise number of images of child pornography that defendant received was never determined, there is no doubt but that the number was far in excess of ten—the threshold quantity above which U.S.S.G. § 2G2.4 requires an increase of two offense levels. At his sentencing hearing, defendant did not challenge the 150,000 image estimate that was provided by the government and that was apparently accepted by the

court. Indeed, defendant acknowledged that he possessed so much child pornography that he did not attempt to view it all.

*Id.* at 68. We further held that Lasaga's argument that many of the images were virtual, as opposed to actual, images of children and, therefore, were not illegal had been waived because

> the plea agreement—which defendant signed—explicitly stated that the government was proceeding under 18 U.S.C. § 2256(8)(A), which criminalizes the possession of visual depictions produced in a manner that "involves the use of a minor engaging in sexually explicit conduct...." This understanding was reinforced by the district court during its plea colloquy with defendant. Furthermore, defendant admitted in the course of his guilty plea that the images in question "were pornographic photographs of children."

*Id.* (alteration in original). Our explicit holding in Lasaga's first appeal that these claims had been waived forecloses Lasaga from relitigating them now. *See United States v. Carpenter,* 320 F.3d 334, 341 (2d Cir.2003).

As for Lasaga's challenge to the Criminal History Departure, we ordinarily "will not consider an argument raised for the first time in a reply brief." *Evangelista v. Ashcroft,* 359 F.3d 145, 156 n. 4 (2d Cir. 2004) (quoting *United States v. Yousef,* 327 F.3d 56, 115 (2d Cir.2003)). This rule "may be disregarded in two circumstances: (1) where consideration of the issue is necessary to avoid manifest injustice; or (2) where the issue is purely legal and there is no need for additional factfinding." *Readco v. Marine Midland Bank,* 81 F.3d 295, 302 (2d Cir.1996); *see also Greene v. United States,* 13 F.3d 577, 586 (2d Cir.1994)

(entertaining new issues is discretionary with panel hearing appeal). Because we must remand this case under *Booker* and *Crosby,* we decline to address Lasaga's challenge to the Criminal History Departure, and instead, refer the challenge to the district court to address in the first instance. In doing so, moreover, we instruct the district court to reconsider the Criminal History Departure in light of the Supreme Court's recent decision in *Shepard v. United States,* — U.S. —, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (holding police reports to be insufficient to establish nature of prior conviction for enhanced sentencing), and its earlier decision in *Williams v. United States,* 503 U.S. 193, 201, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992) (holding that criminal history departure could not be based solely on consideration of police arrest reports).

For the foregoing reasons, we find no error in the district court's sentencing calculations. In so holding, however, we in no way limit the discretion afforded to the district court by *Booker* and *Crosby.* Accordingly, the judgment of the district court is hereby **AFFIRMED** in part and **REMANDED in part** for consideration of resentencing consistent with *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).