09-4630-cr
United States v. Lasaga

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of October, two thousand ten.

PRESENT: DENNIS JACOBS,
                         Chief Judge,
        WILFRED FEINBERG,
                         Circuit Judge.[*]

- - - - - - - - - - - - - - - - - - - - -X
United States of America,
                Appellee,

      -v.-                               09-4630-cr

Antonio Lasaga,
        Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - -X

[*] Because the Honorable José A. Cabranes recused himself prior to oral argument, this appeal is being decided by the remaining two members of the panel pursuant to Second Circuit Internal Operating Procedure E(b).

1

**APPEARING FOR APPELLANT:**    Diane Polan (S. Max Simmons, on the brief), Law Offices of Diane Polan, LLC, New Haven, CT.

**APPEARING FOR APPELLEE:**    Jonathan S. Freimann, Assistant United States Attorney (David B. Fein, United States Attorney, and Robert M. Spector, Assistant United States Attorney, District of Connecticut, on the brief).

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-Appellant Antonio Lasaga ("Lasaga") appeals from a judgment of the United States District Court for the District of Connecticut (Thompson, J.), entered on October 23, 2009 (the "Order"), refusing by written decision to resentence Lasaga. The judgment follows this Court's remand in United States v. Lasaga, 136 F. App'x 428 (2d Cir. 2005), which was issued in light of United States v. Booker, 543 U.S. 220 (2005) and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This case returns to us for a third time following the decisions of this Court in United States v. Lasaga, 328 F.3d 61 (2d Cir. 2003) (Lasaga I), which remanded for further factual findings with respect to the district court's upward departure on the basis of psychological harm to a minor victim, and **United States v. Lasaga, 136 F. App'x 428 (2d Cir. 2005)** (Lasaga II), which remanded for a determination whether resentencing was necessary in light of this Court's decision in Crosby and instructed the district court to reconsider the criminal history departure "in light of the Supreme Court's recent decision in Shepard v. United States, 544 U.S. 13 (2005) . . . and . . . Williams v. United States, 503 U.S. 193, 201 (1992) . . . ." Lasaga II, 136 F. App'x at 433.

On remand, the district court solicited and received resentencing memoranda from the government and Lasaga, and concluded that it would not have imposed a different sentence had the Sentencing Guidelines been advisory at the time the sentence was imposed. In so doing, the district court rejected Lasaga's argument that the court could not enhance the sentence on any basis other than facts admitted by Lasaga or proved to a jury beyond a reasonable doubt; and the court observed that it had already considered all of the mitigating factors set forth in Lasaga's resentencing memorandum at each of the prior sentencing hearings. With respect to this Court's instruction concerning the criminal history departure, the district court advised: "Assuming arguendo a Criminal History of Category I, the resulting range under the Sentencing Guidelines is 151 months to 188 months, which encompasses the sentence the court continues to view as being the appropriate sentence. Therefore the court need not address the issues of departure to Criminal History II." United States v. Lasaga, No. 99 cr 122(AWT), Slip Op. at 3-4 (D. Conn. Oct. 23, 2009).

In the current appeal, Lasaga cites the district court's discussion as to whether it would impose the same sentence even without a one-level criminal history enhancement. Lasaga argues that, by recalculating the guideline range, the district court sentenced Lasaga de novo without the benefit of a sentencing hearing and in violation of Fed. R. Crim. P. 32.

We review a sentence for reasonableness even after a district court declines to resentence pursuant to Crosby. United States v. Williams, 475 F.3d 468, 474 (2d Cir. 2007). The reasonableness review contemplated by Booker requires "consideration not only of the sentence itself, but also of the procedures employed in arriving at the sentence." United States v. Fernandez, 443 F.3d 19, 26 (2d Cir. 2006). Reasonableness review is "akin to review for abuse of discretion," which asks "whether the sentencing judge 'exceeded the bounds of allowable discretion[,] . . . committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact.'" Id. at 27 (quoting Crosby, 397 F.3d at 114).

Lasaga's primary appellate contention, that the court in effect imposed a new sentence, does not take into account the district court's limited obligations in response to a Crosby remand. First, district courts "should obtain the

3

views of counsel, at least in writing, but 'need not' require the presence of the Defendant." Crosby, 397 F.3d at 120 (citation omitted). Next, "[u]pon reaching its decision (with or without a hearing) whether to resentence, the district court should either place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence and, with the Defendant present, resentence in conformity with the [Sentencing Reform Act of 1984], [Booker], and [Crosby], including an appropriate explanation." Id. (citation omitted). Here, the district fulfilled both obligations. Specifically, in deciding not to resentence Lasaga, the district court explained that it had, on two prior occasions, considered all of factors set forth in 18 U.S.C. § 3553(a), together with the mitigating factors set forth in Lasaga's sentencing memoranda, and concluded that 180 months' imprisonment was an appropriate sentence.

The district court's discussion of Lasaga's criminal history did not amount to a de novo sentence; rather, it was an acknowledgment that the criminal history departure would have had no impact on the sentencing, given that either guideline range would have encompassed Lasaga's ultimate sentence of 180 months.[1] Accordingly, because "the record indicates clearly that the district court would have imposed the same sentence" regardless of whether or not the upward departure applies, any claimed error (assuming that there was error), "may be deemed harmless." United States v. Jass, 569 F.3d 47, 69 (2d Cir. 2009) (internal quotation marks omitted). "As long as the sentencing judge is satisfied that the same sentence would have been imposed no matter which of the two guideline ranges applies, the sentence should stand." United States v. Bermingham, 855 F.2d 925, 934 (2d Cir. 1988).

Having affirmed the district court's judgment, we **DENY** as moot Lasaga's motion to hold the appeal in abeyance pending the Supreme Court's decision in Pepper v. United

---

[1] Following this Court's remand in Lasaga I, the district court calculated Lasaga's offense conduct level to be 34 and his criminal history category to be level II. The corresponding sentencing range was 168 months to 210 months. Assuming an offense conduct level of 34 and a criminal history category of level I, the sentencing range would be 151 months to 188 months.

4

*States*, 130 S. Ct. 3499 (2010).  Finding no merit in Lasaga's remaining arguments, we hereby **AFFIRM** the district court's judgment.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK